285 P.2d 761

In the Matter of K. Donald WREN, a Member of the State Bar of Arizona.

No. 6077.

Supreme Court of Arizona.
June 28, 1955.

188

Lloyd Andrews, Phoenix, for respondent.

Carl Muecke, Phoenix, Representing State Bar of Arizona.

PER CURIAM.

On June 1, 1955 there was filed in this court the recommendation of the Board of Governors of the State Bar of Arizona that Mr. K. Donald Wren, a duly licensed and practicing member of the State Bar of Arizona, be reprimanded for unethical conduct in his practice as a lawyer. This recommendation adopted and approved the findings and recommendation of the local administrative committee for district No. 4, which had theretofore conducted a formal hearing upon written charges, and an order to show cause directed to Wren commanding him to show cause before the committee as to why he should not be disciplined.

The charges were:

"1. Violation of Canon 27, in that he, the said K. Donald Wren, did, on May 25, 1953, personally solicit professional employment from one Ralph Damrill, in that the said K. Donald Wren did offer his services as an attorney for hire to the said Ralph Damrill while the said Ralph Damrill was incarcerated in the Maricopa County jail.

"2. Violation of Canon 8, in that he, the said K. Donald Wren, on May 25, 1953, while soliciting professional employment from one Ralph Damrill as stated in Charge 1 above, did then and there give the said Ralph Damrill bold and confident assurances that the said K. Donald Wren would guarantee the said Ralph Damrill's release if the said Ralph Damrill would engage his services.

"3. Violation of Canon 21, in that he, the said K. Donald Wren did, on July 13, 1953, fail to make any appearance in the Superior Court of Maricopa County, Division 2, without lawful excuse or justification, and without notice to the Court, or his client, or to the County Attorney, in the case entitled State v. Damrill, Cause No. 24312, which day had been designated by the Court as the time for trial resetting; that as a result his client, the said Ralph Damrill, appeared in court on the said day without aid of his

counsel; that as a further result disposition of the said cause was delayed by reason of the Court being unwilling to set the trial date in the said cause in the absence of counsel for defendant.

"4. Violation of Canon 21, in that he, the said K. Donald Wren, did, on July 20, 1953, fail to make any appearance in the Superior Court of Maricopa County, Division 2, without lawful excuse or justification, and without notice to the Court, or his client, or to the County Attorney, in the case entitled State v. Damrill, Cause No. 24312, which day had been designated by the Court as the time for trial resetting; that as a result his client, the said Ralph Damrill, appeared in court on the said day without aid of his counsel.

"5. Violation of Canon 21, in that he, the said K. Donald Wren, did, on September 14, 1953, fail to make any appearance in the Superior Court of Maricopa County, State of Arizona, Division 2, without lawful excuse or justification, and without notice to the Court, or his client, or to the County Attorney, which day had been designated by the Court as the day of trial in the case entitled State v. Ralph Damrill, Cause No. 24312; that as a result his client, the said Ralph Damrill, appeared in Court on the said day for trial in the said cause without the aid of his counsel; that as a further result,

disposition of the said cause was delayed by reason of the Court being unwilling to conduct the trial in the said cause in the absence of counsel for the defendant."

Respondent filed no written answer to these charges but in response to the order to show cause personally appeared and was represented by counsel, as was the State Bar. Evidence both oral and documentary was received in support of the charges. Respondent offered himself as a witness— denied charges 1 and 2 and admitted the truth of charges 3, 4 and 5. Respondent readily admitted his serious dereliction in failing to appear and represent his client and the inconvenience caused to the court. He did not attempt to excuse his conduct but by way of explanation as to why he had failed showed the committee that over a period of ten years he had been a chronic alcoholic, and laid special emphasis on his pronounced alcoholic condition during the summer of 1953. He laid great stress on the fact that he was endeavoring to quit drinking and rehabilitate himself. In this behalf he testified that for a period of approximately two and one-half months prior to May 15, 1954 (the date of the hearing before the committee) he had not had a drink. He also testified that he had joined an organization known as Alcoholics Anonymous, an organization of former alcoholics dedicated to assisting alcoholics in their desire to be relieved of their addiction. He assured the committee that he

attended the meetings of this organization at least twice per week, and that through its assistance and the friendships there gained had gotten hold of himself and was of the opinion that he would succeed in his desire to quit drinking.

The complaining witness, Ralph Damrill, referred to in the charges, addressed a letter to the State Bar of Arizona, reciting that on May 24, 1953, at a time when he was in jail in the Maricopa County jail on a charge of drunk driving, he had employed the respondent to represent him and had paid Wren $100, $15 of which was for premium on bail bond and $85 for respondent's legal fee. He complained of the conduct of Wren in failing to appear and represent him at the times mentioned in the charges; that he had to secure the services of another lawyer; and, that Wren had not offered to return the $85 fee. On receipt of this letter and complaint the same was turned over to the local administrative committee, which made a preliminary examination and thereafter conducted the formal hearing. On the hearing it appeared that the fee had been returned prior to the issuance of the order to show cause. The committee made no findings as to charges 1 and 2 but with reference to charges 3, 4 and 5 found that

"It is the unanimous opinion of the Committee that the charges that said attorney failed to appear in Court at the proper time to protect his client's interests were proved by a preponderance of the evidence."

and made the following recommendation:

"It also appears to the Committee that said K. Donald Wren is making a very serious effort of rehabilitation and has been conducting himself commendably in recent months. For that reason, it is the unanimous recommendation of the Committee that said K. Donald Wren be reprimanded."

Respondent having undertaken to represent his client was duty-bound to be present in court and represent him "to the end that nothing be taken or be withheld from him, save by the rules of law, legally applied." (Part of Canon 15.) Respondent's conduct in failing to appear for the trial setting resulted in inconvenience to the court and cast upon the court the duty of protecting the client's interest sans counsel. Wren in effect deserted his client and, if he thought at all of the client's interest, was willing that others take over his obligation. He showed no devotion whatsoever to the interests of the client and in so doing violated the trust and confidence reposed in him. It is this failure and guilt that we take cognizance of as being the conduct more meriting a serious reprimand rather than the charge of not being punctual in violation of Canon 21, which reads:

"It is the duty of the lawyer not only to his client, but also to the Courts and to the public to be punctual in attend-

ance, and to be concise and direct in the trial and disposition of causes."

On June 13, 1955, counsel for respondent notified this court that Wren did not desire to make an appearance and submitted the matter on the record, together with a recommendation of the Board of Governors. Not being of a mind to unadvisedly dispose of the matter on a stale record we ordered respondent and attorneys to personally appear before us in order that the court might be better informed. In view of the time that has elapsed we were desirous of learning whether respondent had reformed and what success he was having with his attempt to conquer his addiction to the excessive use of alcohol. From the representations made on this hearing we are favorably impressed with the progress that respondent has made and is now making, so much so that we believe that the recommendation of the Board of Governors should be followed.

Lawyers as officers of this court are responsible to it for professional misconduct. As a corollary thereto this court is responsible for seeing that professional misconduct shall not go unnoticed. We do not shirk that duty, as unpleasant as it may be. We do not believe the fact situation in the instant case requires us to visit on the respondent the drastic judgment of suspension or disbarment. Nevertheless we find respondent to have been guilty as

charged and of gross negligence, in attending to the affairs of his client.

It is our opinion that justice requires that respondent, K. Donald Wren, be reprimanded, and it is so ordered.

LA PRADE, C. J., and UDALL, WINDES, PHELPS and STRUCK-MEYER, JJ., concur.