574 P.2d 50

**GENERAL ELECTRIC CREDIT CORP., a New York Corporation, Appellant,**

v.

**TOWN & COUNTRY MOBILE HOMES, INC., a Texas Corporation, Appellee.**

**No. 1 CA–CIV 3594.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 25, 1977.

Rehearing Denied Dec. 29, 1977.

Review Denied Jan. 31, 1978.

Streich, Lang, Weeks, Cardon & French by Earl E. Weeks, Phoenix, for appellant.

Rawlins, Ellis, Burrus & Kiewit by Chester J. Peterson, Phoenix, for appellee.

OPINION

HAIRE, Judge.

The questions raised on this appeal require a resolution of conflicting claims of a consignor-manufacturer and an inventory financer relating to certain mobile homes sold on a consignment basis by the manufacturer to a consignee-dealer.

The appellant inventory financer (General Electric Credit Corporation) filed its complaint in the trial court seeking to recover damages from the consignor-manufacturer (Town & Country Mobile Homes, Inc.) for the alleged conversion by the consignor of ten mobile home coaches in which the appellant claimed a perfected security interest. The consignor-manufacturer in its answer to the complaint denied any liability to appellant, and asserted its rights under the consignment agreement, alleging affirmatively that the coaches never became subject to the appellant's security agreement inasmuch as appellant did not advance any monies for financing the same, and further, that title never passed from the consignor to the consignee-dealer.

After discovery was completed in the trial court, both parties submitted motions for summary judgment. There were no issues of material fact, and the trial court granted judgment in favor of the consignor-manufacturer. We have concluded that the trial court's judgment must be reversed and the matter remanded for entry of judgment in favor of the appellant.

Before proceeding with a discussion of the specific facts here involved, a brief analysis of the Uniform Commercial Code's treatment of consignments is necessary.[1] In the General Definitions section of the code, A.R.S. § 44–2208(37) defines the term

1. All references to the Uniform Commercial Code are to that code as adopted in Arizona, and prior to amendments enacted in 1975.

"security interest" as used in the Uniform Commercial Code, and provides in pertinent part as follows:

"'Security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (§ 44–2346) is limited in effect to a reservation of a 'security interest'. * * * Unless a lease or consignment is intended as security, reservation of title thereunder is not a 'security interest' but a consignment is in any event subject to the provisions on consignment sales (§ 44–2343). * * *"

A.R.S. § 44–3102 B, defining the scope of Article 9 relating to secured transactions, provides:

"B. This article applies to security interests created by contract including pledge, assignment, chattel mortgage, chattel trust, trust deed, factor's lien, equipment trust, conditional sale, trust receipt, other lien or title retention contract and lease or *consignment intended as security.* * * *" (Emphasis added).

From these definitions it follows that only those consignments intended as security are directly subject to the provisions of Article 9 (A.R.S. §§ 44–3101, *et seq.*) concerning secured transactions, but that all consignments, whether intended as security or otherwise, are subject to the requirements of A.R.S. § 44–2343, which is found in Article 2, the "sales" article of the code. The pertinent portion of that statute reads as follows:

"A. Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is:

  *   *   *   *   *   *

"2. A 'sale or return' if the goods are delivered primarily for resale.

"B. Except as provided in subsection C, * * * goods held on sale or return are subject to [the claims of the buyer's creditors] while in the buyer's possession.

"C. Where goods are delivered to a person for sale and such person maintains a place of business at which he deals in goods of the kind involved, under a name other than the name of the person making delivery, then with respect to claims of creditors of the person conducting the business the goods are deemed to be on sale or return. *The provisions of this subsection are applicable even though an agreement purports to reserve title to the person making delivery until payment or resale or uses such words as 'on consignment' or 'on memorandum'.* However, this subsection is not applicable if the person making delivery:

"1. Complies with an applicable law providing for a consignor's interest or the like to be evidenced by a sign, or

"2. Establishes that the person conducting the business is generally known by his creditors to be substantially engaged in selling the goods of others, or

"3. Complies with the filing provisions of the article on secured transactions (article 9)." (Emphasis added).

The consignor-manufacturer admits that the mobile home transaction here involved fell within the "sale or return" category of § 44–2343, and further admits that there was no compliance with subsections C–1, C–2 or C–3 of that statute, but nevertheless contends that appellant's claim must be denied.

■ The consignor's initial contention is that appellant's lien never attached to the consigned mobile homes. This contention is based on the "after-acquired property" nature of appellant's lien, and the alleged failure of appellant to advance or loan funds to the consignee-dealer with specific reference to these particular mobile homes. This contention is without merit. A.R.S. § 44–3117 C provides, with an exception not pertinent here, that:

" * * * a security agreement may provide that collateral, whenever acquired, shall secure all obligations covered by the security agreement."

Pursuant to this language, the validity of an after-acquired property clause of a security agreement is no longer open to question in Arizona. *See General Electric Credit Corp. v. Tidwell Industries, Inc.,* 115 Ariz. 362, 565 P.2d 868 (1977); *cf. Valley National Bank of Arizona v. Flagstaff Dairy,* Ariz. App., 570 P.2d 200 (filed August 16, 1977, review denied, October 12, 1977).

■ A.R.S. § 44–3117 A provides that a security interest attaches when (1) there is an agreement that it attach, (2) value is given by the secured party, and (3) the debtor acquires rights in the collateral. Here, the first two requirements of that section were clearly met: the consignee-dealer had signed a security agreement in favor of appellant, and appellant had advanced substantial sums of money pursuant to that agreement.

The third requirement, that the debtor acquire rights in the collateral, was satisfied when the consignee-dealer obtained possession of the mobile home coaches pursuant to the agreement between the dealer and the consignor-manufacturer. As stated in § 44–2343 B, the consigned mobile homes were subject to the claims of the buyer's creditors while in the buyer's possession. The appellant having previously complied with the filing requirements of Article 9, its security interest became perfected when the security interest attached to the mobile homes at the time the dealer-consignee obtained possession. A.R.S. § 44–3124 A.

■ Nor was the security interest under appellant's after-acquired property clause limited in some way to the consignee-dealer's equity in the consigned mobile homes. As noted in *General Electric Credit Corp. v. Tidwell Industries, Inc., supra,* there is nothing in the code which limits security interests in after-acquired property to the debtor's equity in that property.

■ The consignor contends that, even if appellant's security interest attached to the mobile homes while they were in the consignee-dealer's possession, it became unenforceable when the consignor regained possession of the mobile homes from the con-signee-dealer. This contention is based upon the language of § 44–2343 B which subjects consigned "sale or return" goods to the claims of the buyer's creditors " * * * while in the buyer's possession." In our opinion this statutory language merely limits the creditors whose claims may attach to those who have claims during the period of the buyer's possession, and cannot be interpreted so as to defeat a security interest which has attached during this possessory period. This identical contention was considered and rejected in *American National Bank v. Quad Construction, Inc.,* 31 Colo. App. 373, 504 P.2d 1113 (1973), as follows:

> "Quad [the consignor] contends, however, that under C.R.S.1963, 155–2–326(2), its machines held on sale or return are subject to the security interest of the Bank only while they are in the possession of Fincham [the consignee dealer]. The purpose of C.R.S.1963, 155–2–326, is to allow a creditor of the dealer to attach a lien against property of a third person which is in the dealer's possession on consignment and to permit the creditor to treat such property as if it were owned by the dealer. [Citation omitted]. The Bank's security interest in the machines, having attached while the chattels were in Fincham's possession, was not affected by the subsequent transfer of possession of the chattels from Fincham to Quad. Fincham's transfer of possession of the machines to Quad was in violation of the Bank's perfected security interest in the chattels, and the Bank was entitled to recover possession of the machines from Quad or to recover the value of the machines if a return could not be had." 504 P.2d at 1115

*See also, In re Gross Mfg. & Importing Co.,* 328 F.Supp. 905 (D.N.J.1971), holding that the return of consigned merchandise to the consignor within four months of bankruptcy constituted a preferential transfer.

We therefore hold that the appellant's motion for summary judgment should have been granted, and that the trial court erred in entering judgment in favor of the appellee-consignor. Having arrived at that conclusion, we need not consider appellant's

further contention that under the undisputed facts of this case, the arrangement between the appellee-manufacturer and its dealer constituted a "consignment intended as security" within the meaning of § 44–3102 B,[2] and thus, pursuant to the provisions of Article 9, the appellant's perfected security interest was entitled to priority over appellee's unperfected retained security interest, separate and apart from any reliance on the "sale or return" provisions of § 44–2343.

The judgment entered by the trial court is vacated, and the matter remanded for further proceedings consistent with this opinion.

NELSON, P. J., and FROEB, C. J., concur.

2. For a good discussion of the distinction between a "true consignment" and a "consignment for security" under the Uniform Commer-    cial Code, see Columbia International Corp. v. Kempler, 46 Wis.2d 550, 175 N.W.2d 465, 40 A.L.R.3d 1066 (1970).