686 P.2d 1285

WEAN WATER, INC., a corporation, Jerry Koglmeier and Gloria Koglmeier, husband and wife, Plaintiffs Counterdefendants-Appellants,

v.

STA–RITE INDUSTRIES, INC., a Wisconsin corporation doing business in Arizona, Defendant Counterclaimant-Appellee.

No. 1 CA–CIV 6034.

Court of Appeals of Arizona, Division 1, Department B.

March 29, 1984.

Reconsideration Denied May 11, 1984.

Review Denied Sept. 18, 1984.

**316**

Ron Bailly, P.C. by Matt Koglmeier, Mesa, and Patten, Montague & Arnett by Wayne C. Arnett and Michael R. Greenwald, Tempe, for plaintiffs counterdefendants-appellants.

O'Connor, Cavanagh, Anderson, Westover Killingsworth & Beshears, P.C. by Philip Gerard and Brian C. Bond, Phoenix, for defendant counterclaimant-appellee.

## OPINION

MEYERSON, Presiding Judge.

### I. FACTS

This case raises the previously unanswered question of whether attorney's fees awarded under A.R.S. § 12–341.01.C. are limited to the amount paid or agreed to be paid by the client.

In 1976, appellee Sta-Rite Industries Inc. sold its Phoenix water conditioning business to appellants, Wean Water, Inc. and the Koglmeiers (referred to herein collectively as Wean Water). In 1978, Wean Water sued Sta-Rite alleging breach of contract, misrepresentation and fraud resulting from the sale. Sta-Rite counterclaimed for breach of contract and balances due on a promissory note and an open account indebtedness. The trial court found for Wean Water on its breach of contract claim

and awarded $1,000 as general damages. It also found that Wean Water had failed to establish any of the nine elements of fraud. Further, the court determined that Wean Water had also breached the sale contract and was in default on the promissory note and open account indebtedness. It awarded Sta-Rite approximately $25,700 on these claims. Because the court found that Wean Water's fraud claim constituted harassment, was groundless, and not made in good faith, the court awarded Sta-Rite $14,110 in attorney's fees under A.R.S. § 12–341.01.C. Wean Water asserts numerous issues on appeal. However, it is clear that the propriety of the award of attorney's fees is the primary issue presented.

### II. ALLEGED ERRORS AT TRIAL

■ First, Wean Water contends that the trial judge erroneously disallowed its alleged credits as offsets against the judgment owed to Sta-Rite. In his findings of fact, the trial judge specifically found Wean Water was entitled to no credits, setoffs, or other deductions from the amount of the judgment. The issues surrounding these alleged credits were hotly contested at trial with documentary evidence and testimony introduced by both parties. In reviewing the record, we find substantial evidence which supports the trial judge's conclusions. It is well established that we must accept the trial court's findings of fact on appeal unless they are clearly erroneous or unsupported by any credible evidence. *Smith v. Melson, Inc.*, 135 Ariz. 119, 121, 659 P.2d 1264, 1266 (1983).

■ Second, Wean Water contends the trial judge erred in determining that paragraph 10 of the parties' agreement established a "sale or return" transaction under A.R.S. § 44–2343.A.2. instead of a consignment. We agree with appellants' position. A consignment arrangement may be a "sale or return" transaction under certain circumstances for purposes of third-party creditors of the consignee. A.R.S. § 44–2343.C. *General Elec. Credit Corp. v. Town & Country Mobile Homes, Inc.*, 117

Ariz. 562, 574 P.2d 50 (App.1977). The parties are not precluded, however, from establishing a "true" consignment relationship between themselves. *See generally* Duesenberg, *Consignments Under the U.C.C.: A Comment on Emerging Principles*, 26 Bus.Law. 565 (1970); Winship, *The "True" Consignment Under the Uniform Commercial Code, and Related Peccadilloes*, 29 S.W.L.J. 825 (1975). In the present case, however, the trial judge's mischaracterization of the consignment relationship is merely harmless error. The trial court found that Wean Water had cannibalized the consigned units to provide inventory parts for its other customers. Thus, the units could no longer be sold on consignment or returned to Sta-Rite under the terms of the agreement. Under these circumstances, we conclude the trial judge correctly determined that Wean Water was not entitled to a credit equalling the value of these units against Sta-Rite's judgment.

■ Third, Wean Water contends the trial judge erroneously excluded as hearsay statements made to a Michael Bellerive by employees of Sta-Rite. However, even assuming this position is correct, Wean Water has failed to demonstrate how any claimed error resulted in prejudice. Where the improper exclusion of evidence does not affect a substantial right of a party it is not reversible error. *State ex rel. LaSota v. Arizona Licensed Beverage Association, Inc.*, 128 Ariz. 515, 523, 627 P.2d 666, 674 (1981).

■ Fourth, Wean Water claims the trial judge should have rescinded the contract due to misrepresentation by Sta-Rite or because of mutual mistake. We disagree. The trial judge specifically found that Sta-Rite had made no intentional or negligent misrepresentations. Nor did the evidence establish any mutual mistake of a material fact. Wean Water continued to accept benefits under the contract and took no steps to notify Sta-Rite of any clear intention to

rescind within a reasonable time. *Mahurin v. Schmeck*, 95 Ariz. 333, 340, 390 P.2d 576, 580 (1964). We believe appellants waived any rights they might have had to rescind the contract. *See Beauchamp v. Wilson*, 21 Ariz.App. 14, 19, 515 P.2d 41, 46 (1973).

## III. ATTORNEY'S FEES

Wean Water asserts that the trial judge improperly awarded Sta-Rite attorney's fees under A.R.S. § 12–341.01.C.[1] Appellants contend that their judgment of $1,000 precludes a finding that their claim constituted harassment, was groundless, and not made in good faith. Wean Water also insists that an award of $14,110 for attorney's fees was unreasonable in light of the fee agreement between Sta-Rite and its counsel establishing fees in the amount of one-third of Sta-Rite's judgment. We affirm the trial court's award.

■ Wean Water's action against Sta-Rite consisted of separate claims for breach of contract and fraud. In essence, the trial court found that both parties were, to some degree, in breach of the sale agreement and awarded $1,000 to Wean Water as an offset against the judgment for Sta-Rite. This technical "success" of Wean Water on the contract claim does not negate the trial court's finding that Wean Water's fraud claim constituted harassment, was groundless and not made in good faith. Fees under the foregoing statute shall be awarded where a groundless "claim" is found to constitute harassment and is not made in good faith. We find no error in the court's determination that an award of attorney's fees under A.R.S. § 12–341.01.C. was proper.

■ Nor do we believe the amount of the fee award was unreasonable. The affidavit and documentation submitted by Sta-Rite's counsel to the court clearly support

---

**1.** A.R.S. § 12–341.01.C. provides:

Reasonable attorney's fees shall be awarded by the court in any contested action upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith. In making

such award, the court may consider such evidence as it deems appropriate and shall receive this evidence during trial on the merits of the cause, or separately, regarding the amount of such fees as it deems in the best interest of the litigating parties.

the reasonableness of the award. The time spent by counsel on this case is meticulously itemized and billed at a reasonable hourly rate. *Schweiger v. China Doll Restaurant, Inc.*, 138 Ariz. 183, 673 P.2d 927 (App.1983).

■ Further, we do not believe the fee agreement between Sta-Rite and its counsel necessarily determines the maximum amount of fees the judge can award under A.R.S. § 12–341.01.C. The award of attorney's fees under this section is punitive in nature. *Cf. White v. Kaufmann,* 133 Ariz. 388, 390, 652 P.2d 127, 129–30 (1982). We do not believe the legislature intended that such a limitation be read into A.R.S. § 12–341.01.C. A.R.S. § 12–341.01.B. expressly limits the amount of attorney's fees which may be awarded in any contested action arising out of contract (A.R.S. § 12–341.01.A.) to "the amount paid or agreed to be paid." Had the legislature similarly wished to restrict fee awards under A.R.S. § 12–341.01.C., it could simply have included a provision comparable to that found in A.R.S. § 12–341.01.B. So long as the fee award reflects a reasonable billing rate and a reasonable number of hours expended, it need not be limited to the amount of compensation agreed upon by the attorney and his client.

Sta-Rite has requested attorney's fees on appeal. This matter arises out of a contract and Sta-Rite is entitled to fees as the successful party on appeal. *Wenk v. Horizon Moving & Storage Co.*, 131 Ariz. 131, 639 P.2d 321 (1982). The amount will be determined upon the submission of Sta-Rite's statement of costs pursuant to Rule 21(c), Arizona Rules of Civil Appellate Procedure, and *Schweiger v. China Doll Restaurant, Inc.*

For the above reasons, the judgment of the trial court is affirmed.

GREER and FROEB, JJ., concur.