734 P.2d 98

**DEPARTMENT OF REVENUE,**
Plaintiff-Appellee,

v.

**Daniel T. ARTHUR,**
Defendant-Appellant.

**No. 1 CA–CIV 8546.**

Court of Appeals of Arizona,
Division 1, Department B.

Sept. 23, 1986.

Reconsideration Denied Oct. 29, 1986.

Review Denied Feb. 11, 1987.

**2**

Robert K. Corbin, Atty. Gen. by J.W. Ranby, Asst. Atty. Gen., Phoenix, for plaintiff-appellee.

Daniel T. Arthur, in pro. per.

## OPINION

CORCORAN, Judge.

This is a tax protest case in which a taxpayer challenges the validity of the sixteenth amendment to the United States Constitution and the Arizona personal income tax. The trial court rejected the challenge. We affirm.

### 1. *Facts*

In October 1983, Daniel T. Arthur and Theresa L. Arthur filed amended Arizona tax returns for the years 1980 and 1981 requesting refunds on the ground that they "mistakenly included as income a source of income, rather than income from that source." The Department of Revenue approved their request and refunded $1,164.73 for their 1980 personal income taxes and $1,349.60 for their 1981 personal income taxes.

In May 1984, the Department of Revenue filed a complaint against the Arthurs alleging that they filed tax returns containing false information in violation of A.R.S. § 43–841 (re-numbered A.R.S. § 42–136(H); Laws 1985 ch. 366 § 13). The Department in its complaint sought recovery of the amounts refunded to the Arthurs and a penalty of $1,000 per tax return containing false information.

Upon motion for summary judgment, the court granted the Department its requested relief and awarded attorneys' fees pursuant to A.R.S. § 12–341.01(C) (defense constitutes harassment, is groundless, and is not made in good faith). Mrs. Arthur did not oppose the motion for summary judgment and is not a party to this appeal. Mr. Arthur (Arthur) filed a motion for reconsideration which was denied by the court.

Arthur timely appealed, raising the following issues:

1. Whether the trial court had personal jurisdiction and subject matter jurisdiction in this lawsuit;

2. Whether the sixteenth amendment to the United States Constitution was validly ratified;

3. Whether the state's authority to impose a personal income tax is affected by the validity of the ratification process of the sixteenth amendment to the United States Constitution;

4. Whether wages constitute income pursuant to the sixteenth amendment; and

5. Whether an assistant attorney general is a member of both the judicial and executive branches of government.

### 2. *Jurisdiction*

■ Arthur is a resident of Arizona and was personally served with the summons and complaint in Arizona, in accordance with rule 4, Arizona Rules of Civil Procedure. These facts give the Arizona Superior Court personal jurisdiction over Arthur. *See In re Hindi,* 71 Ariz. 17, 222 P.2d 991 (1950). The superior court has subject matter jurisdiction over this action pursuant to

Ariz. Const. art. 6 § 14. Venue for this action is conferred upon the Maricopa County Superior Court pursuant to A.R.S. § 12–401(17).

### 3. *Validity of the Sixteenth Amendment*

■ Arthur argues that the Internal Revenue Code, 26 U.S.C. § 1 *et seq.*, is invalid because the sixteenth amendment to the United States Constitution which authorizes the imposition of personal income taxes was not lawfully ratified. As the Arizona personal income tax uses the methodology of the Internal Revenue Code to calculate "gross income," A.R.S. §§ 43–1021 & –1022, Arthur argues that the Arizona personal income tax is also invalid. Arthur's argument that the sixteenth amendment was not lawfully ratified is based upon an alleged fraudulent scheme between then Secretary of State Philander Knox and his Solicitor of the Department of State in certifying ratification of the sixteenth amendment on February 25, 1913. The essence of the alleged fraud consists of the fact that some state legislatures in ratifying the amendment used wording or punctuation slightly different than that enacted by Congress. Despite the Solicitor's recognition of these errors, he recommended to the Secretary of State that he issue his Proclamation of Ratification. As documentation of these fraudulent activities, Arthur submitted to the court a copy of *The Law That Never Was: The fraud of the 16th Amendment and personal Income Tax* (1985), written by Bill Bensen and M.J. "Red" Beckman, and three spiral-bound volumes of supporting documents.

Questions concerning the validity of constitutional amendments and compliance with the requirements of article V of the United States Constitution are within the sole province of Congress, not the courts. *Coleman v. Miller*, 307 U.S. 433, 59 S.Ct. 972, 83 L.Ed. 1385 (1939); *Leser v. Garnett*, 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922); *United States v. Wojtas*, 611 F.Supp. 118 (N.D.Ill.1985). In *Leser v. Garnett*, the United States Supreme Court held that the validity of the ratification of the nineteenth amendment was a nonjusti-ciable issue. Such issues are considered "political questions" and are not justiciable. *Wojtas, id.; United States v. Thomas*, 611 F.Supp. 881 (N.D.Ill.1985). *See also Renck v. Superior Court*, 66 Ariz. 320, 187 P.2d 656 (1947); *Allen v. State*, 14 Ariz. 458, 130 P. 1114 (1913).

■ The question before us today has been decided in *United States v. Wojtas, supra.* In that case, the court held that the issue of whether the Secretary of State committed fraud in certifying adoption of the sixteenth amendment raised a political question within the exclusive power of Congress to determine. Accordingly, we do not review the validity of the ratification of the sixteenth amendment on the ground that it is a political question that is more appropriately addressed by Congress.

### 4. *State Income Tax*

■ The validity of the ratification of the sixteenth amendment has no effect on the constitutionality of Arizona's personal income tax. The State of Arizona's power to tax is independent of the Constitution of the United States. *Union Pacific R.R. v. Peniston*, 85 U.S. (18 Wall.) 5, 21 L.Ed. 787 (1873); *McCann v. Silva*, 455 F.Supp. 540 (D.N.H.1978). The state's independence to tax includes the ability to determine how the tax is to be calculated. The references to the Internal Revenue Code in A.R.S. § 43–1001, *et seq.*, are limited to the method used to calculate "gross income." These references do not require that the taxpayer ultimately owe any tax to the federal government. Thus, the Arizona personal income tax is valid regardless of the validity of the sixteenth amendment.

### 5. *Wages as Income*

■ Arthur next argues that wages cannot be considered income. That wages are income for tax purposes has been decided on numerous occasions. *E.g. United States v. Lawson*, 670 F.2d 923, 925 (10th Cir.1982); *United States v. Burton*, 575 F.Supp. 1320, 1324 (E.D.Tex.1983). We agree with these courts.

### 6. *Role of Attorney General*

Arthur argues that Arizona Const. art. III (distribution of powers) was violated in

**4**

the trial court because a member of the executive branch of government acted in a judicial capacity. Specifically, Arthur claims that the assistant attorney general is an officer of the judicial branch of government by virtue of his state bar membership, and is an officer of the executive branch of government by virtue of his employment in the attorney general's office. Therefore, Arthur asserts, the assistant attorney general's representation of the state in this matter violates the separation of powers doctrine. We find no merit to this argument.

Upon admission to the Arizona State Bar, an attorney becomes an "officer of the court." *In re Wren*, 79 Ariz. 187, 285 P.2d 761 (1955); *In re Greer*, 52 Ariz. 385, 81 P.2d 96 (1938). However, this status as an "officer of the court" does not vest an attorney with governmental authority. *See In re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973); *Cammer v. United States*, 350 U.S. 399, 76 S.Ct. 456, 100 L.Ed. 474 (1956); *see Tomaris v. State*, 71 Ariz. 147, 224 P.2d 209 (1950). An attorney is not part of the judicial branch of government by virtue of his state bar membership. The attorney general is a member of the executive branch of Arizona government. Ariz. Const. art. 5, § 1. So are his assistants. A.R.S. §§ 41–191, 38–461, 38–462. Since the assistant attorney general is not a member of the judicial branch of government, there is no violation of the separation of powers doctrine.

### 7. *Attorneys' Fees*

Arthur claims that the trial court erred in awarding the Department attorneys' fees under A.R.S. § 12–341.01(C). He argues that because this is a case of first impression in this court, it cannot be considered frivolous. We disagree.

Whether or not a claim is frivolous, groundless or brought for the purpose of harassment does not depend on its novelty before a specific court. Otherwise, any party raising an obscure but totally meritless argument for the first time in a court could be automatically shielded from paying attorneys' fees. However, we need not decide that today because Arthur raises several issues that are not novel, but are, in our opinion, frivolous—for example, the claim that the sixteenth amendment is invalid. Another frivolous claim, that wages are not income for tax purposes, has been addressed by courts on numerous occasions. Several courts have specifically held this argument to be frivolous. *United States v. Campbell*, 619 F.2d 765 (8th Cir. 1980); *Idaho State Tax Comm'n v. Payton*, 107 Idaho 258, 688 P.2d 1163 (1984). The fact that not all claims are frivolous does not prevent an award of attorneys' fees pursuant to A.R.S. § 12–341.01(C). *See Wean Water, Inc. v. Sta-Rite Indus.*, 141 Ariz. 315, 686 P.2d 1285 (App.1984). The core issues in this case are frivolous. We affirm the trial court's award of attorneys' fees.

On appeal, the Department requests attorneys' fees pursuant to A.R.S. § 12–341.01(C). The record is clear and convincing that this appeal is frivolous. We award the Department attorneys' fees on appeal.

Affirmed.

JACOBSON, P.J., and CONTRERAS, J., concur.