SUPREME COURT OF ARIZONA
In Division

| | |
|---|---|
| MARSHALL E. HOME, | ) Arizona Supreme Court |
| | ) No. CV-11-0188-AP/EL |
| Plaintiff/Appellant, | ) |
| | ) Pima County |
| v. | ) Superior Court |
| | ) No. C20114129 |
| JONATHAN ROTHSCHILD, ESQ.; ROGER | ) |
| W. RANDOLPH, and DEMOCRATIC | ) **O P I N I O N** |
| PARTY OF PIMA COUNTY, | ) |
| | ) |
| Defendants/Appellees. | ) |
| | ) |
| _____ | ) |

Appeal from the Superior Court in Pima County
The Honorable R. Douglas Holt, Judge

**AFFIRMED**
_____

Marshall E. Home                                              Tucson
In Propria Persona

HARALSON, MILLER, PITT, FELDMAN & MCANALLY, P.L.C.            Tucson
     By   Gerald Maltz
Attorneys for Jonathan Rothschild and Democratic Party
of Pima County

MICHAEL G. RANKIN, TUCSON CITY ATTORNEY                       Tucson
     By   Dennis P. McLaughlin, Assistant City Attorney
Attorneys for Roger Randolph
_____

**P E R   C U R I A M**

¶1        Marshall  E.  Home  brought  this  action  to  disqualify

Jonathan  Rothschild  as  a  Democratic  candidate  for  mayor  of  the

City of Tucson.   The superior court dismissed Home's complaint.

We  have  jurisdiction  over  Home's  appeal  under  Article  VI,

section 5(3) of the Arizona Constitution and A.R.S. § 16-351(A) (2010).

## I.

¶2      Home's sole argument is that Rothschild is ineligible to serve as mayor because he is a member of the State Bar of Arizona.    Home contends that because this Court exercises jurisdiction over "members of the legal profession as officers of the court," Ariz. R. Sup. Ct. 32(a)(1), all members of the State Bar are also automatically members of the judiciary, and therefore disqualified from non-judicial office by the separation of powers doctrine in Article III of the Arizona Constitution.

¶3      This argument fails.   Because "the practice of law is a matter exclusively within the authority of the Judiciary," *Hunt v. Maricopa County Employees Merit System Commission*, 127 Ariz. 259, 261-62, 619 P.2d 1036, 1038-39 (1980), "[l]awyers as officers of this court are responsible to it for professional misconduct," *In re Wren*, 79 Ariz. 187, 191, 285 P.2d 761, 763 (1955).   But being subject to this Court's authority does not invest an attorney with judicial power.   *See* Ariz. Const. art. 6, § 1 (vesting judicial power in the judicial department); *Eastin v. Broomfield*, 116 Ariz. 576, 582, 570 P.2d 744, 750 (1977) ("Judicial power is the power of the court to decide and pronounce a judgment and carry it into effect between persons

2

and parties . . . ." (internal quotation mark omitted)). Although Rothschild is a member of the State Bar subject to the authority of this Court, he is plainly not a member of the judiciary, nor does he exercise judicial power. Article III does not prevent members of the State Bar from holding office outside of the judiciary.

¶4 Home also relies on Arizona Attorney General Opinion 56-11, which opined that under the common law doctrine of incompatibility, a city councilman cannot also serve as a judge on the city's police court because of the council's control over a police judge's appointment, removal, and salary.

¶5 "The Attorney General's opinions are advisory only and are not binding on courts of law." *State v. Deddens*, 112 Ariz. 425, 428, 542 P.2d 1124, 1127 (1975). However, assuming *arguendo* that Opinion 56-11 correctly construes Arizona law, it is of no aid to Home here. The Opinion did not address whether an attorney is disqualified from holding municipal office, but rather only whether a municipal judge could simultaneously serve on the city council.

¶6 The superior court correctly found Home's argument "spurious." There is no incompatibility between the private practice of law and serving as the mayor of a municipality.

**II.**

¶**7**      We affirm the judgment of the superior court. Pursuant to A.R.S. § 12-349(A)(1) and ARCAP 25, we find Home's appeal frivolous and award Defendants/Appellees their reasonable attorney fees and costs upon compliance with ARCAP 21(a).[1]

_____
Rebecca White Berch, Chief Justice

_____
Andrew D. Hurwitz, Vice Chief Justice

_____
Robert M. Brutinel, Justice

---

[1]      In deciding to impose sanctions in this case, we take judicial notice of the recent order of the United States Bankruptcy Court for the District of Arizona designating Home as a vexatious litigant. Docket No. 363, *In re U.S. Corp.*, No. 4:11-bk-06731-EWH (Bankr. D. Ariz. May 18, 2011).