(Through inadvertence, this opinion was not published in its regular order.)

J. B. TRAVIS, Petitioner, v. DISTRICT COURT OF DALLAS COUNTY et al., Respondents.

**CERTIORARI: When Writ Lies—Certiorari to Review Certiorari.** Certiorari will not lie to annul or set aside *another* certiorari proceeding pending in the same or in another court.

**CERTIORARI: Parties—Noninterested Party.** A justice of the peace whose judicial acts are sought to be reviewed or set aside may not sue out certiorari in his own right, for the purpose of invalidating a ruling made by a district court.

**Headnote 1:** 11 C. J. p. 113.     **Headnote 2:** 11 C. J. p. 135.

*Certiorari to Dallas District Court.*—Harry S. Dugan, Judge.

April 3, 1923.

This is an original certiorari proceeding begun in this court, to review and set aside the order of the district court of Dallas County, Iowa, in allowing a writ of certiorari to review an order made by J. B. Travis, justice of the peace of Linn County, Iowa. The material facts are stated in the opinion.—*Writ denied and petition dismissed.*

*C. F. Clark* and *Floyd Philbrick,* for petitioner.

*Harland C. Robbins, D. H. Miller,* and *Burton Russell,* for respondents.

Weaver, J.—The petitioner states that he is a justice of the peace for Rapids Township, Linn County, Iowa; that one Vawter began an action before said justice against one Mosteller, for the recovery of a money judgment upon a written contract payable at Cedar Rapids; that Mosteller appeared to said action, and having answered, filed a motion to transfer said cause to the district court of Dallas County (being the county of said Mosteller's residence) for trial, such motion being made in alleged compliance with the statute, Section 4481, Code Supplement, 1913. The motion being overruled by said justice, Mosteller filed a petition in the district court of Dallas County for a writ of certiorari to be directed to the plaintiff, as justice of the peace, to review and set aside his order so made. Said district court, acting upon said petition, did order a writ of certiorari to issue, as prayed, commanding said justice of the peace, petitioner herein, to certify the record made and proceedings had in his court in said case of Vawter v. Mosteller.

1. CERTIORARI: when writ lies: certiorari to review certiorari.

At that stage of the history of the controversy, said justice of the peace, in his official name and capacity, began the original proceeding now under consideration, asking that a writ of certiorari issue from this court, to review and set aside the order of the district court issuing the writ directed to said justice. On presentation of said petition to a member of this court in vaca-

tion, the writ asked for was issued, and time fixed for return to be made thereto by the respondents. The return has since been made, disclosing a record substantially as above stated.

I. Counsel for petitioner states that the only question for our consideration is whether the district court of Dallas County has any authority or jurisdiction to issue a writ of certiorari to review the judicial orders of a justice of the peace of Linn County. We think, however, that the primary question meeting us at the threshold of the case is rather whether this court will entertain an original proceeding in certiorari to review and set aside the order of the district court allowing a writ of certiorari directed to a justice of the peace. If such remedy is not available, then, for the purposes of the present hearing, it is immaterial whether the district court did or did not exceed its jurisdiction. The proposition advanced by the petitioner is a novel one, and we are cited to no statute or judicial precedent directly in point. Ordinarily, certiorari will not issue where other complete and adequate remedy is available to the party aggrieved. In the case at bar, if we take for granted the contention of the petitioner, that the order of the district court of which complaint is made was wholly unauthorized, and in excess of its jurisdiction, such order is void, and will be so adjudged upon appeal. Indeed, if petitioner is right in his denial of such jurisdiction, the writ of certiorari so issued is a mere idle gesture; it imposed no obligation or duty upon the justice to obey its command; and it was wholly ineffective to deprive the justice of his authority to hear and dispose of the issues in the case before him. In such case, legally speaking, the jurisdiction of the justice has never been interfered with. The error, if any there was, in denying the motion to transfer the case of Vawter v. Mosteller to Dallas County was one which could have been remedied by the district court of Linn County, upon appeal or writ of error. It may further be said that, while the district court of Dallas County issued its writ of certiorari, as charged by plaintiff, no return seems ever to have been made thereto, and said court has entered no judgment or decree or made any finding or order reversing or setting aside the action or ruling made by said justice, the final hearing on said writ having been stayed or suspended by the original proceeding in this court. Had such hearing not been

stayed, and had the district court sustained the writ setting aside the justice's ruling, that decision could have been reviewed, and if wrong, reversed on appeal to this court. The remedy by appeal appears to us to be adequate. There is, in our judgment, no provision, either in the letter or the spirit of the law or in the accepted practice in this state, which necessitates or permits the use of one certiorari proceeding to annul or set aside another certiorari proceeding pending in the same or in another court.

II. There is another feature of this case, not specially discussed by counsel on either side, to which we call attention. So far as the record before us shows, this original proceeding was instituted and is prosecuted by the justice of the peace Travis. He is named as petitioner in his official capacity; and after reciting the history of the case of Vawter v. Mosteller, the ruling denying the motion to transfer, and the procurement by Mosteller of the writ of certiorari from the Dallas court, petitioner states, as his reasons for instituting these original proceedings, that, unless the writ asked for be allowed, and further proceedings in the district court stayed, pending further orders of this court, "this plaintiff will be harassed, annoyed, greatly injured, and discommoded, and put to great trouble and expense and inconvenience by further illegal and void orders and judgments that will be entered by the defendants herein in said cases in the district court of Dallas County * * * and that plaintiff has no plain, speedy, and adequate remedy for the injury done him by said illegal acts, except by certiorari."

2. CERTIORARI: parties: non-interested party.

The petition contains no statement, allegation, or suggestion that Vawter is interested therein, or that the proceeding has been begun or prosecuted in the interest of anyone except "J. B. Travis, as justice of the peace." Now it is to be admitted that this court has recognized the practice of naming the court or judge whose action is complained of, as a nominal defendant in certiorari, simply because he is the proper person or official to furnish the reviewing court a duly authenticated record of the case to be reviewed. See *Jones v. Mould*, 151 Iowa 599. We know of no rule which makes it competent for the justice of the peace whose judicial act is sought to be reviewed or set aside, to sue out certiorari in his own right, for the purpose of invali-

dating a ruling made by a superior court. If anyone had occasion to except to the act of the Dallas court granting the certiorari directed to the justice, it was Vawter, and not the justice, in either his official or personal capacity. As this objection does not seem to be relied upon by the parties, we do not make it the ground of our conclusion hereinafter stated; but we discuss it, in order to avoid any inference from our silence that the practice referred to has our approval.

III. Finding, as we do, that the action of the Dallas court is not reviewable by us upon certiorari, we do not undertake to pass upon the further question of the authority of said court to issue certiorari to review the ruling of the justice. For the reasons stated, the original writ of certiorari is quashed, and the petition is dismissed.—*Dismissed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.