**Patricia Leonard HILLYARD (now Bowlin), Barbara Leonard Pipher, and Robert S. Leonard, Jr., and Gordon McLeish Leonard and Arthur H. Leonard, Trustees of the George E. Leonard Land Trust, and The Leonard Land Company, a Missouri Corporation, Respondents,**

v.

**George Edward LEONARD, Jr., Appellant.**

No. 53279.

Supreme Court of Missouri, Division No. 2.

Sept. 9, 1968.

James W. Benjamin, Rogers, Field & Gentry, Kansas City, for defendants-respondents.

Geo. Edw. Leonard, Jr., Kansas City, for appellant, Leonard & Leonard, Bull & Bull, London WC 2, England, of counsel.

PRITCHARD, Commissioner.

One point of this appeal is whether appellant, George Edward Leonard, Jr., is a party aggrieved by the judgment of the trial court who has standing to prosecute the appeal.

The opinion in the original appeal, Hillyard v. Leonard, Mo., 391 S.W.2d 211, held that the trustees of the George E. Leonard Land Trust were not authorized to incorporate the trust and make a final stock distribution in lieu of trust assets over the objections of plaintiffs. The case was affirmed and remanded for an accounting of plaintiffs' interests in the original trust assets. Appellant was not a plaintiff in the original case, but was originally a nominal defendant. The opinion established the right of an accounting of the plaintiffs from the land trust. The actual adversaries were plaintiffs and the trustees of the land trust, appellant not being one of those trustees.

On July 7, 1967, a final decree was entered in this case by the trial court. It recites that the court had received the accounting of the trustees; that an agreement had been reached between the parties to fully and finally settle all claims of all parties for past, present or future benefits from the land trust for $60,000, including attorneys' fees. The court approved that settlement as fair, equitable and reasonable. Plaintiffs-respondents do not quarrel with the settlement or the decree which provides for payment for their benefit only. In his motion for reconsideration and new trial appellant states that "No question is raised on the payment to plaintiffs and Paul Van-Osdol of $60,000.00 under the order. Such payment was proper and is hereby approved." In his brief, appellant states that the compromise payment approved by the court is about one half of the fair value of plaintiffs' shares and that they were sad-

dled with costs of litigation and attorneys' fees. Obviously, appellant has no standing to present an issue of the fairness of the decree. He was not a party to the settlement agreement and could not be aggrieved thereby. He seeks merely to appeal the case on behalf of noncomplaining plaintiffs. As presented in his brief, no point is raised showing that appellant was aggrieved by any portion of the decree as it is applied to the payment to plaintiffs in settlement of their claim for an accounting. Compare Love v. White, 348 Mo. 640, 154 S.W.2d 759, 760 [2, 3].

Appellant had moved the trial court to dissolve the Leonard Land Company, which motion was overruled and the court further found that the formation and operation of Leonard Land Company should be and is approved; that the $60,000 payment was in consideration of plaintiff Patricia Leonard (Galvin) to transfer and return all stock issued to her to that company; and all the previous transfers of stock among the parties in the company were approved and confirmed. In his reply brief *only*, appellant asks that a commissioner be appointed by this court with power to sell and distribute assets of the Leonard Land Company. Any issue as to the dissolution of the corporation is foreign to this case and may not now be raised. Furthermore, appellant has set forth no reason in any brief as to why the trial court erred in overruling his motion to dissolve the corporation. Civil Rule 83.05(e), V.A.M.R.

The appeal is dismissed.

BARRETT, C., concurs.

STOCKARD, C., not sitting.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

FINCH, P. J., DONNELLY and EAGER, JJ., and BONDURANT, Special Judge, concur.