787 P.2d 1051

**ARIZONA TAX RESEARCH ASSOCIA-TION, Plaintiff/Appellant,**

v.

**DEPARTMENT OF REVENUE, Defendant/Appellee.**

**No. CV–88–0468–T/PR.**

Supreme Court of Arizona, En Banc.

Dec. 29, 1989.

Reconsideration Denied March 20, 1990.

Fennemore Craig, P.C. by Paul J. Mooney, Ren R. Hayhurst and Kenneth J. Sherk, Phoenix, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Anthony B. Ching, Sol. Gen., Phoenix, for defendant/appellee.

## OPINION

CORCORAN, Justice.

Arizona Tax Research Association (Association) seeks review of a court of appeals decision ordering it to pay attorneys' fees to the Arizona Department of Revenue (Department) as a sanction for bringing a frivolous appeal from the underlying taxpayer litigation. The Association brought a separate appeal seeking attorneys' fees pursuant to A.R.S. § 12–348 against the Department, after the Association had successfully challenged a property tax valuation in superior court. We granted review only on the issue whether that appeal was "frivolous and overreaching." Because the court of appeals also reversed the trial court's judgment in favor of the Association and the other plaintiffs, we need not decide whether the Association was entitled to attorneys' fees under A.R.S. § 12–348, nor do we decide the merits of the taxation issue.[1]

We granted review because the issue whether a successful taxpayer litigant's appeal from an order denying a request for attorneys' fees is frivolous is a question of statewide importance. *See* rule 23, Arizona Rules of Civil Appellate Procedure. We have jurisdiction pursuant to Ariz.Const. art. 6, § 5(3), and A.R.S. § 12–120.24. Because we hold that the appeal was not frivolous, we vacate that part of the court of appeals decision imposing a sanction against the Association.

### Facts and Procedural History

The background of this case is fully recited in the court of appeals opinion, so we summarize it only briefly. *See Arizona Tax Research Ass'n v. Maricopa County*, 162 Ariz. 94, 781 P.2d 71 (consolidated) (App.1989). This dispute arose over the method used by Maricopa County to value the 1987 property tax assessment of Units I and II of the Palo Verde Nuclear Generating Station. Maricopa County calculated the tax by applying a levy limitation imposed by Ariz. Const. art. 9, § 19, and A.R.S. § 42–301(A)(3). The county's calculations resulted in a higher levy limitation than the Department had calculated and led to a reduced property tax assessment. In 1987 the Association and other plaintiffs challenged Maricopa County's calculation of the tax rate and levy limitation, seeking declaratory relief, refunds, and attorneys' fees. Because the Department apparently agreed with plaintiffs' position about how the calculations should have been made, the Association invited the Department to join in the action as a party-plaintiff. When the Department declined, plaintiffs joined the Department as a defendant, pursuant to A.R.S. § 42–204(D), which requires the Department to be named a party in any action to recover illegally collected taxes. Plaintiffs did not, however, allege any involvement by the Department in the incorrect calculation.

The trial court granted summary judgment in favor of the plaintiffs, based on its conclusion that Maricopa County violated A.R.S. § 42–301(A)(3) in calculating the 1987 tax rate. Instead of ordering refunds, however, the court ordered that the excess taxes paid by plaintiffs be credited to reduce the levy limitation in a subsequent year. The trial court also denied plaintiffs' request for attorneys' fees.

Maricopa County appealed on the merits, seeking reversal of summary judgment in favor of plaintiffs. The plaintiffs also appealed, arguing they were entitled to a refund, declaratory relief, and attorneys' fees. The Association filed a separate appeal, seeking recovery of attorneys' fees from the Department pursuant to A.R.S. § 12–348.

The court of appeals reversed the trial court's judgment on the merits, finding that Maricopa County properly calculated

---

1. We also do not decide whether the court of appeals could have imposed sanctions pursuant to A.R.S. § 12–341.01(C) (claim not made in good faith), or A.R.S. § 12–2106 ($500 sanction authorized as damages for a frivolous appeal), because the court did not rely on those statutes, but on its authority under rule 25, Arizona Rules of Civil Appellate Procedure.

the levy limitation and tax assessment. The court also found the Association's separate appeal seeking attorneys' fees from the Department to be "frivolous and overreaching" and granted the Department's request for attorneys' fees on appeal as a sanction against the Association. The court eventually awarded the Department attorneys' fees of $4,675. We granted review only on the issue whether the separate appeal was frivolous.

### The Court of Appeals Opinion

In its separate appeal, the Association sought an award of attorneys' fees against the Department pursuant to A.R.S. § 12–348, which provides in part:

A.  In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:

....

2.  A civil action brought by the party against the state, a city or town *to challenge the assessment or collection of taxes.*

....

G.  This section does not:

....

4.  Apply to proceedings ... in which the state or a city, town or county is a *nominal party.*

(Emphasis added.)

The court of appeals concluded that the Department was a "nominal party" under subsection (G)(4) throughout the proceedings, against whom attorneys' fees could not be collected. The court also held that the Association did not "prevail" over the Department within the meaning of subsection (A). The court reasoned:

The sole role of the ... Department ... in the matters leading up to this dispute was to furnish Maricopa County with valuation figures in adherence to Atty. Gen.Op. No. I87–029 (Feb. 12, 1987). Throughout, the Department aligned itself with the plaintiffs. It was named as a defendant pursuant to A.R.S. § 42–204,

which requires that the Department be made a party to any action for the recovery of illegally collected taxes, and only after it declined more than one invitation from Arizona Tax Research to participate as a party-plaintiff. The complaint alleged no wrongdoing and the Department made it clear in its answer that it had no legal dispute with the plaintiffs and would remain a nominal party in the litigation. With the exception of the attorneys' fees issue, it at no time advocated a position adverse to that of Arizona Tax Research.

*Arizona Tax Research Ass'n,* 162 Ariz. at 97, 781 P.2d at 74.

The court of appeals also relied on *Cortaro Water Users' Ass'n v. Steiner,* 148 Ariz. 314, 714 P.2d 807 (1986), for the proposition that "the nominal party exclusion attaches as long as the agency simply certifies the record and answers the complaint, but does not take an active part in the proceedings." *Arizona Tax Research Ass'n,* 162 Ariz. at 97, 781 P.2d at 74. The court found "absurd" the Association's position "that to the extent that the Department actively participated in the proceedings as an advocate for the plaintiffs, it was not a nominal party and should pay the plaintiff[s'] attorneys' fees." 162 Ariz. at 97, 781 P.2d at 74. As a sanction for a "frivolous and overreaching" appeal, the court ordered the Association to pay the Department's attorneys' fees on appeal.

### Discussion

1.  Sanction for a Frivolous Appeal

■ An appellate court has discretion to sanction a frivolous appeal pursuant to rule 25, Arizona Rules of Civil Appellate Procedure, which provides:

Where the appeal is frivolous or taken solely for the purpose of delay, ... or where any party has been guilty of an unreasonable infraction of these rules, the appellate court may impose upon the offending attorneys or parties such reasonable penalties or damages (including contempt, withholding or imposition of costs, or imposing of attorneys' fees) as the circumstances of the case and the

discouragement of like conduct in the future may require.

Appellate courts traditionally use their authority to impose sanctions under rule 25 with "great reservation." *See, e.g., Molever v. Roush,* 152 Ariz. 367, 375, 732 P.2d 1105, 1113 (App.1986); *Price v. Price,* 134 Ariz. 112, 114, 654 P.2d 46, 48 (App.1982). The policy behind using caution in finding an appeal frivolous is that we do not want to deter the filing of appeals in unique or novel cases out of fear of reprisal; the countervailing policy for imposing sanctions is to discourage an unwarranted burden on the parties and on the courts' resources by the filing of meritless appeals. We agree with the California Supreme Court's definition of a "frivolous" appeal, articulated in interpretation of the analogous California rule from which our rule 25 was partially formulated:

> [A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.

*Marriage of Flaherty,* 31 Cal.3d 637, 651, 183 Cal.Rptr. 508, 516, 646 P.2d 179, 187 (1982); *see Evans v. Arthur,* 139 Ariz. 362, 363 n. 1, 678 P.2d 943, 944 n. 1 (1984) (applying the California definition); *see also City of Phoenix v. Bellamy,* 153 Ariz. 363, 367–68, 736 P.2d 1175, 1179–80 (App. 1987) (if an appeal presents a legal question about which reasonable persons could differ, it is not frivolous).

Thus, whether an appeal is frivolous does not depend on either the outcome of the appeal or on the novelty of the issue presented. *See Department of Revenue v. Arthur,* 153 Ariz. 1, 4, 734 P.2d 98, 101 (App.1987); *Price,* 134 Ariz. at 114, 654 P.2d at 48. Absent an allegation of improper motive, the conclusion that an appeal is frivolous can be upheld only on the basis that the issues raised were not supported by any reasonable legal theory. We thus examine the Association's appeal seeking attorneys' fees against the Department to determine if it was supported by any legal theory about which reasonable attorneys could differ.

## 2. The Cortaro Decision and A.R.S. § 12–348

In enacting A.R.S. § 12–348, the legislature expressed its intent to reduce the economic deterrents individuals faced in contesting governmental actions, magnified by the disparity between the resources and expertise of the government and individuals. Laws 1981, Ch. 208, §§ 1 and 3; *see* former A.R.S. § 12–348, Historical Note. The statute provides for an award of attorneys' fees to any private party who "prevails by an adjudication on the merits" in a variety of actions, including an action "to challenge the assessment or collection of taxes." A.R.S. § 12–348(A)(2). This statute has been applied to entitle successful taxpayer litigants to recover attorneys' fees. *See, e.g., Gosnell Dev. Corp. v. Department of Revenue,* 154 Ariz. 539, 744 P.2d 451 (App.1987); *Inspiration Consol. Copper Co. v. Department of Revenue,* 147 Ariz. 216, 709 P.2d 573 (App.1985). Thus, having successfully established in the trial court that Maricopa County's 1987 property tax valuation was improperly calculated, the Association had a valid legal theory on which to base its claim that it was entitled to recover its attorneys' fees pursuant to A.R.S. § 12–348(A). We do not find frivolous the Association's assertion that it "prevailed" in the trial court when summary judgment was granted in its favor on the merits.

The primary issue disputed in the court of appeals regarding the Association's entitlement to attorneys' fees was whether the Department was a "nominal party" against whom the Association could not collect attorneys' fees, pursuant to A.R.S. § 12–348(G)(4). The court of appeals relied on our decision in *Cortaro* to establish that the Department was a nominal party and that, as a result, the Association's request for attorneys' fees was frivolous. We do not believe that *Cortaro* can be so clearly applied to the facts of this case to eliminate any legal theory about which reasonable

attorneys could differ in support of an award of fees.

In *Cortaro*, we stated the following:

The nominal party exclusion can logically attach to review at the superior court level as long as the agency simply certifies the record and answers the complaint. However, if the agency takes the role of an advocate it ceases to be a nominal party and may lose its statutory protection. We need not decide for purposes of this appeal when an agency is or is not a nominal party.

148 Ariz. at 318, 714 P.2d at 811. We also found in *Cortaro* that the Department of Water Resources (DWR), which was statutorily required to be made a party defendant to an appeal from a review of its decision, "became much more than a nominal party defendant" by participating in superior court and appellate proceedings. 148 Ariz. at 318, 714 P.2d at 811. We found that the reasonableness of DWR's position did not bar recovery under the statute. We also suggested that if the legislature wished to so limit the state's liability, it should provide a "good faith exception" similar to the "substantial justification defense" included in the federal counterpart to our statute, the Equal Access to Justice Act, 28 U.S.C. § 2412, 5 U.S.C. § 504, amended Pub.L. 99–80, 99 Stat. 183, 186 (1985). *Cortaro*, 148 Ariz. at 319, 714 P.2d at 812. The legislature has not done so.

After *Cortaro*, the court of appeals granted attorneys' fees under A.R.S. § 12–348 to taxpayer litigants who had successfully challenged the Department of Revenue before the state board of tax appeals. *Stewart Title & Trust Co. v. Pima County*, 156 Ariz. 236, 244, 751 P.2d 552, 560 (App.1987). The court of appeals also has awarded attorneys' fees pursuant to A.R.S. § 12–348 against the Registrar of Contractors, pointing out that in spite of its "passive" role in the proceedings, the Registrar was an indispensable party upon appeal because it is responsible for protecting the public welfare, and having taken the role of an advocate in the proceeding, the Registrar had lost its statutory protection

as a nominal party. *Mission Hardwood Co. v. Registrar of Contractors*, 149 Ariz. 12, 16, 716 P.2d 73, 77 (App.1986).

Based on these authorities and the plain wording and intent of the statute, we believe that the Association presented a colorable legal argument in the court of appeals, about which reasonable attorneys could differ, that it was entitled to attorneys' fees against the Department, pursuant to A.R.S. § 12–348. The argument was novel, particularly because the Department had taken a position nonadversarial to the Association in the proceedings. However, neither that novel circumstance nor the argument's ultimate lack of success rendered the appeal frivolous or totally without merit. We hold that the court of appeals should not have imposed rule 25 sanctions against the Association for raising the issue of its entitlement to attorneys' fees.

### Conclusion

Because the language and intent of A.R.S. § 12–348 and the case law interpreting that statute raise a colorable legal theory on which the Association could base its claim for attorneys' fees, its appeal was not frivolous. We therefore vacate that portion of the opinion that found the appeal frivolous and imposed sanctions, and vacate the court of appeals award of attorneys' fees on appeal against the Association in favor of the Department.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.