826 P.2d 1158

**BROMLEY GROUP, LTD., a California limited partnership, Plaintiff–Appellee, Cross–Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE, Defendant–Appellant, Cross–Appellee.**

**No. 1 CA–TX 90–031.**

Court of Appeals of Arizona, Division 1, Department T.

July 23, 1991.

Reconsideration Denied Sept. 6, 1991.

Review Denied April 7, 1992.*

Fennemore Craig by Timothy Berg, Paul Mooney, J. Scott Askew, Phoenix, for plaintiff-appellee, cross-appellant.

Robert K. Corbin, Former Arizona Atty. Gen. by Frank L. Migray, Former Asst. Atty. Gen., and Grant Woods, Arizona Atty. Gen. by Anthony B. Ching, Sol. Gen., Paula S. Bickett, Steven R. Partridge, Asst. Attys. Gen., Phoenix, for defendant-appellant, cross appellee.

Richard M. Romley, Maricopa County Atty. by Rachelle Z. Leibsohn, Deputy County Atty., Phoenix, for amicus curiae Maricopa County.

Stephen D. Neely, Pima County Atty. by Peter E. Pearman, Deputy County Atty., Tucson, for amicus curiae Pima County.

OPINION

GERBER, Judge.

Bromley Group, Ltd. (taxpayer) brought a property tax valuation appeal in the tax court and prevailed on the merits. The

* Corcoran and Martone, JJ., of the Supreme Court, voted to allow fees.

Arizona Department of Revenue (Department) appeals from the portion of the judgment that awarded the taxpayer its attorney's fees, expert witness fees and taxable and nontaxable costs pursuant to former A.R.S. § 12–348(A)(2). The taxpayer cross-appeals from the tax court's determination to limit its award of attorney's fees against the Department to $10,000. The appeal and cross-appeal present the following issues:

(1) whether the tax court erred in determining that former A.R.S. § 12–348(A)(2) entitled the taxpayer to an award of attorney's fees against the Department because the Department did not qualify as a "nominal party" within the exception provided by former A.R.S. § 12–348(G)(4); and

(2) whether the tax court erred in limiting the taxpayer's award of attorney's fees against the Department to $10,000 pursuant to former A.R.S. § 12–348(D)(3).

## FACTS AND PROCEDURE

The material facts are undisputed. The taxpayer owned four parcels of real property in Maricopa County. On November 1, 1989, the taxpayer filed an action in the Arizona Tax Court pursuant to A.R.S. §§ 42–176 and 42–177 to contest the full cash and limited valuations set by the Maricopa County Assessor for the four parcels for 1989. Pursuant to A.R.S. § 42–177(C), the taxpayer's "Notice of Appeal of Property Valuation" named both Maricopa County and the Arizona Department of Revenue as defendants.

In response to the taxpayer's notice of appeal, the Attorney General's Office filed on behalf of the Department a pleading entitled "Notice of Appearance" stating:

COMES NOW the Attorney General and enters his appearance as attorney for Defendant, ARIZONA DEPARTMENT OF REVENUE, in the above entitled action.

The defendant, Arizona Department of Revenue, at this time advises the Plaintiff(s) of its nominal party status in this litigation.

Defendant Maricopa County, represented by the Maricopa County Attorney's Office, responded to the taxpayer's notice of appeal on the merits. The county's answer included a cross-claim against the Department alleging that the county had chosen to defend the action because its board of supervisors had decided it was in the public interest to do so. The county further alleged that the Department also had a duty to defend and that its assertion that it was a nominal party was incorrect. The county alleged that it would have no obligation to pay attorney's fees in the event the taxpayer prevailed but that the Department would be obligated to reimburse the county in the event attorney's fees were awarded against it.

Maricopa County conducted the defense of the property tax appeal. Attachments to the parties' joint pretrial statement indicated that the Department intended to call no witnesses and introduce no exhibits. The deputy county attorney representing Maricopa County signed the joint pretrial statement on behalf of the assistant attorney general who represented the Department.

On April 20, 1990, the tax court issued a minute entry order establishing full cash values and limited values for the taxpayer's parcels lower than those originally fixed by the Maricopa County Assessor. The tax court also concluded that the taxpayer was entitled to an award of attorney's fees and expert witness fees against the State of Arizona pursuant to A.R.S. § 12–348(A)(2).[1]

----

1. At all times material to this action, A.R.S. § 12–348 provided in part:

A. In addition to any costs which are awarded as prescribed by statute, a court shall award fees and other expenses to any party other than this state or a city, town or county which prevails by an adjudication on the merits in any of the following:

....

2. A civil action brought by the party against the state, a city or town to challenge the assessment or collection of taxes.

....

G. This section does not:

....

The Department filed an objection to the award of attorney's fees and expert witness fees and a motion for reconsideration or new trial on the applicability of A.R.S. § 12–348. The Department contended it was immune from an award of attorney's fees pursuant to A.R.S. § 12–348(G)(4), asserting as follows:

This case involved the valuation of commercial property. The assessment of commercial property is the primary responsibility of the County Assessor. Consequently, in order to avoid a duplication of effort and to conserve public resources, the Department of Revenue did not actively participate in the litigation of this case, and maintained a nominal party status.

The trial on the valuation of the property in question was scheduled for April 4 and 5, 1990. The Department was notified of the trial date, but did not appear since it was not going to be actively involved in the litigation of this locally (County Assessor) assessed property. Consequently, the Department has no objection to the County and the Taxpayer resolving the valuation question through stipulations. The Department does strenuously object to having expert witness fees and attorney's fees awarded solely against it since the nominal party exception to A.R.S. § 12–348 bars an attorney fee award against the Department.

Pursuant to the tax court's award, the taxpayer applied for $14,360 in attorney's fees and $4,950 in expert witness fees in addition to taxable and nontaxable costs. The Department again objected. It argued that the attorney's fees award claimed by the taxpayer should be reduced because A.R.S. § 12–348(D)(2) precluded reimbursement at a rate in excess of $75 per hour.[2]

By minute entry the tax court issued its ruling on attorney's fees as follows:

THE COURT FINDS that the Arizona Department of Revenue was not merely a nominal party to this case for purposes of A.R.S. § 12–348(G)(4).

THE COURT FURTHER FINDS that an attorneys' fee higher than $75 per hour for Plaintiff's counsel is justified by the increase in the cost of living which has occurred since that limit was adopted by the Legislature.

THE COURT FURTHER FINDS that Plaintiff is entitled to recover attorneys' fees against the Arizona Department of Revenue in the amount of $10,000, the maximum amount permitted by A.R.S. § 12–348(D)(3). Mr. Mooney's fees are allowed in the amount of $5,600 and Mr. Askew's fees are allowed in the amount of $4,400.

. . . .

Defendant Department of Revenue ("DOR")'s objections with respect to attorneys' fees are well taken only to the extent they call the Court's attention to the limitation on attorneys' fee awards contained in A.R.S. § 12–348(D)(3). The Court has taken note of that section, and limited the fees prayed for to $10,000.

---

4. Apply to proceedings . . . in which the state or a city, town or county is a nominal party.

H. As used in this section:

1. "Fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test or project which is found by the court to be necessary for the preparation of the party's case and reasonable and necessary attorney fees, . . .

A.R.S. § 12–348 was amended by 1990 Ariz.Sess. Laws Ch. 360, § 1, effective September 1, 1990, to make attorney's fees awards discretionary in tax matters and to include counties as parties against whom such awards could be made. *See* new A.R.S. § 12–348(B).

2. Former A.R.S. § 12–348(D) provided in part:

D. The court shall base any award of fees as provided in this section on prevailing market rates for the kind and quality of the services furnished, except that:

. . . .

2. The award of attorney fees may not exceed the amount which the prevailing party has paid or has agreed to pay the attorney or a maximum amount of seventy-five dollars per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee.

3. An award of fees against a city, town or county as provided in this section shall not exceed ten thousand dollars.

In doing so, it has allowed Plaintiff's senior attorney to be compensated at the rate of $100 per hour based on the Court's belief that the cost of living has so increased since the adoption of the $75 per hour limitation that allowance of fees at a higher rate is justified. The Court has also been guided by the Legislature's recent enactment of legislation increasing the limitation on the hourly rate allowable.

The more difficult question is whether the DOR was merely a nominal party to this proceeding. The Court concluded that it was not. At oral argument, it was made clear that the DOR through the Attorney General's office, was involved in this litigation in numerous ways, even though the first time an Assistant Attorney General appeared in court appears to have been to contest the allowance of fees against the Department.

The County Attorney signed a joint pretrial statement on behalf of the Attorney General and the DOR, after consulting with the Attorney General's office and obtaining its consent. The County Attorney also consulted with the Attorney General's office at other stages of the litigation, leading the Court to infer that the County Attorney was not free to act without the Attorney General's approval on behalf of the DOR. Similarly, the litigation could not be settled or compromised without the agreement of the DOR and, presumably, the Attorney General's office as the Department's counsel.

The DOR's policies, procedure, veto power, and active participation through counsel pervade the process of tax appeals. The Court cannot conclude that the DOR is merely a nominal party, where, as here, its representative at the Attorney General's office appears to be intimately involved in the litigation. The Department cannot use the County Attorney to act as its stalking horse, have its counsel consulted in person and by telephone with respect to the conduct of the litigation, and then seek to avoid attorneys' fees based on its claim to "nominal party" status.

The tax court entered formal judgment in accordance with its rulings. On the sixteenth day following entry of the judgment, the Department filed a "motion to clarify minute entry," which disputed the court's statements concerning the degree of the Department's involvement in the litigation. The motion attached an affidavit from the deputy county attorney who had represented Maricopa County who stated in part:

2. That I contacted Assistant Attorney General Frank Migray to ask whether he would authorize me to sign a pretrial statement on his behalf. The pretrial statement indicated that the Department of Revenue would be calling no witnesses, and would be introducing no evidence.

3. That the request was made in order save time by not having to send the document to Mr. Migray for his signature.

4. That I did not consult with the Attorney General's Office at any stage of the litigation. My only other discussions with Mr. Migray on this case have related to the question of attorney's fees.

5. That in the Bromley case, the Maricopa County Attorney's Office did not represent the Arizona Department of Revenue.

The tax court then issued a minute entry treating the Department's motion as a motion to alter or amend the judgment pursuant to Rule 59(l), Arizona Rules of Civil Procedure, and denying it as untimely filed. No formal order corresponding to this ruling was entered.

The Department timely appealed from the tax court's judgment awarding the taxpayer its attorney's fees, expert witness fees and taxable and nontaxable costs against the Department. The taxpayer timely cross-appealed from the tax court's determination to limit the attorney's fees award to $10,000. We have jurisdiction pursuant to A.R.S. § 12–2101(B). The matter is assigned to Department T of this court pursuant to A.R.S. §§ 12–120.04 and 12–170(C).

## APPLICABILITY OF "NOMINAL PARTY" EXCEPTION IN THIS CASE

■ The Department urges that it was a "nominal party" in this case within the meaning of A.R.S. § 12–348(G)(4), and that the tax court erred in awarding attorney's fees against it pursuant to A.R.S. § 12–348(A)(2). The Department argues that under the governing case law, the fact that it was an indispensable party pursuant to A.R.S. § 42–177(C) was immaterial to nominal party status within A.R.S. § 12–348(G)(4). It asserts that the sole determinative criterion for nominal party status is whether the agency acted as an advocate on the merits of the litigation. Citing the affidavit of the deputy county attorney representing Maricopa County in the tax court, the Department contends it was error for the tax court to conclude that the Department was actively involved in the litigation on the merits.

In response, the taxpayer argues that the Department cannot be a "nominal party" because it is directly responsible for refunding, through the county, a portion of the excess tax payments awarded to the taxpayer. In addition, the taxpayer and *amici curiae* Maricopa and Pima Counties argue that the Department can never be nominal party in a property tax appeal because of its pervasive participatory, administrative and supervisory role in the real property assessment and valuation process.

At first blush, the taxpayer's challenge to the Department's nominal party status within A.R.S. § 12–348(G)(4) appears foreclosed by our decision in *Atchison, Topeka & Santa Fe Railway Co. v. Arizona Department of Revenue*, 162 Ariz. 127, 781 P.2d 605 (App.1989). In that case, the Williams Hospital District levied a secondary property tax pursuant to A.R.S. § 48–1907(6) to support the operation of its hospital facility. A number of taxpayers within the district challenged the tax as beyond the statutory authority of the district. The trial court granted summary judgment for the district. On appeal, in reversing, we held that the district lacked authority under A.R.S. § 48–1907(6) to impose a second-

ary property tax for the operation and maintenance of the Williams Hospital.

As required by A.R.S. § 42–204(D), the taxpayers in *Atchison* had joined the Department of Revenue as a party defendant. The Department took no position on the merits of the litigation in the trial court. The taxpayers requested awards of attorney's fees against the Department pursuant to A.R.S. § 12–348(A)(2). As in this case, the Department contended it was a nominal party within A.R.S. § 12–348(G)(4) and that A.R.S. § 12–348(A)(2) did not apply. The trial court did not reach the taxpayers' request for attorney's fees because it ruled against them on the merits. Having reversed that ruling on appeal, this court then addressed the attorney's fees question.

Because *Atchison* is relevant to resolving the instant appeal, we quote at some length from its analysis of the attorney's fees issue:

> The department argues that it never took a position on the merits adverse to appellants in the trial court on appellants' claims against the Williams Hospital District, and, in fact, took no position at all except to disclaim liability for attorney's fees. The department also urges that § 12–348 is inapplicable to this case because subsection (G)(4) provides:
>
> This section does not:
>
> . . . .
>
> Apply to ... proceedings in which a state or a city, town or county is a nominal party.
>
> In their separate reply brief on the attorney's fees issues, appellants Santa Fe, Black Mesa Pipeline, and Mountain States Telephone ("fees appellants") note that § 12–348(A)(2) allows awards of attorney's fees only against cities, towns, and the state, and not against counties or special taxing districts like the Williams Hospital District. The "fees appellants" contend that the Department of Revenue's status as an "indispensable" party to this action compensates for the absence of authority in § 12–348(A)(2) for awards of attorney's fees in tax matters against counties, and therefore allows

taxpayers who would otherwise seek recovery of fees against a county to recover their fees against the state. The "fees appellants" urge that it would be unfair to make taxpayers bear the costs of their own fees for overturning an illegal tax, and that the Department of Revenue is best able to pay those fees.

The "fees appellants" also contend that the Department of Revenue is not a "nominal" party under A.R.S. § 12-348(G)(4) because it has a real and substantial interest in the outcome of this case as the overall administrator of Arizona's property tax laws. They further argue that it would contravene the legislative intent behind A.R.S. § 12-348(A)(2) if the Department of Revenue were allowed to control a taxpayer's ability to recover attorney's fees in a property tax challenge case by deciding after the action is commenced whether or not to take a position on the merits. The fees appellants also contend that *Cortaro Water Users' Ass'n v. Steiner*, 148 Ariz. 314, 714 P.2d 807 (1986), and *Mission Hardwood Co. v. Registrar of Contractors*, 149 Ariz. 12, 716 P.2d 73 (App.1986), are inapplicable because the instant case does not involve a judicial review of an agency's quasi-judicial decision.

We conclude that the Department of Revenue is exempt from liability for attorney's fees in this case pursuant to A.R.S. § 12-348(G)(4). The "fees appellants" correctly note that *Cortaro* and *Mission Hardwood* arose in the context of judicial reviews of agency decisions in which attorney's fees were sought against the agencies pursuant to A.R.S. § 12-348(A)(3). In neither case, however, was the court's rationale limited to considerations peculiar to subsection (A)(3). In our view, both cases stand for the proposition that a state agency's status as a "nominal" party under A.R.S. § 12-348(G)(4) depends on whether it adopts the role of an advocate on the merits of the litigation.

162 Ariz. at 137-38, 781 P.2d at 615-16.

While the result in *Atchison* on attorney's fees was correct on its particular facts, its analysis of precedent was flawed

and its interpretation of the "nominal party" exception overbroad. In *Atchison*, we relied on the decision of Division Two of this court in *Arizona Tax Research Ass'n v. Maricopa County*, 162 Ariz. 94, 781 P.2d 71 (App.1989), where the court found "frivolous and overreaching" an appellant's argument that the Department of Revenue did not qualify as a nominal party under A.R.S. § 12-348(G)(4), even though it never asserted a position in the trial court adverse to the taxpayers and aligned itself with them throughout the litigation. *Id.* at 97, 781 P.2d at 74. Division Two consequently awarded attorney's fees in favor of the Department pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure.

The supreme court granted review on the Rule 25 issue, however, and held that the court of appeals should not have imposed sanctions against the appellant. *Arizona Tax Research Ass'n v. Department of Revenue*, 163 Ariz. 255, 787 P.2d 1051 (1989). In holding that the appellant's argument did not fall into the category of those unsupported by any legal theory about which reasonable attorneys could differ, *see Price v. Price*, 134 Ariz. 112, 114, 654 P.2d 46, 48 (App.1982), the supreme court focused on *Cortaro Water Users' Ass'n v. Steiner*, 148 Ariz. 314, 714 P.2d 807 (1986) and *Mission Hardwood Co. v. Registrar of Contractors*, 149 Ariz. 12, 716 P.2d 73 (App. 1986), two cases on which we placed primary reliance in *Atchison*. The supreme court made the following statements:

> The court of appeals relied on our decision in *Cortaro* to establish that the Department was a nominal party and that, as a result, the Association's request for attorney's fees was frivolous. We do not believe that *Cortaro* can be so clearly applied to the facts of this case to eliminate any legal theory about which reasonable attorneys could differ in support of an award of fees.
>
> ... We also found in *Cortaro* that the Department of Water Resources (DWR) which was statutorily required to be made a party defendant to an appeal from a review of its decision, "became much more than a nominal party defen-

dant" by participating in superior court and appellate proceedings. 148 Ariz. at 318, 714 P.2d at 811. We found that the reasonableness of DWR's position did not bar recovery under the statute.

... The court of appeals also has awarded attorney's fees pursuant to A.R.S. § 12–348 against the Registrar of Contractors, pointing out that in spite of its "passive" role in the proceedings, the Registrar was an indispensable party upon appeal because it is responsible for protecting the public welfare, and having taken the role of an advocate in the proceeding, the Registrar had lost its statutory protection as a nominal party. *Mission Hardwood Co. v. Registrar of Contractors,* 149 Ariz. 12, 16, 716 P.2d 73, 77 (App.1986).

Based on these authorities and the plain wording and intent of the statute, we believe that the Association presented a colorable legal argument in the court of appeals about which reasonable attorneys could differ, that it was entitled to attorneys' fees against the Department, pursuant to A.R.S. § 12–348.

163 Ariz. at 258–59, 787 P.2d at 1054–55.

The Arizona Supreme Court more recently discussed A.R.S. § 12–348 in *Estate of Walton,* 164 Ariz. 498, 794 P.2d 131 (1990) stating:

In contrast to federal courts' narrow construction of EAJA [Equal Access to Justice Act, 28 U.S.C. § 2412], Arizona courts have interpreted § 12–348 and other fee award statutes to be "very broad exceptions to the American rule barring attorney's fees." *New Pueblo Constructors,* 144 Ariz. [95] at 111, 696 P.2d [185] at 201 [1985]. DOR's only countervailing policy argument concerns the preservation of public monies. The Arizona legislature, however, by including so few qualifications in A.R.S. § 12–348, expressed a stronger countervailing policy "to reduce the economic deterrents individuals faced in contesting governmental actions." *Arizona Tax Research Ass'n,* 163 Ariz. at 258, 787 P.2d at 1054.

*Id.* at 501, 794 P.2d at 134.

In view of *Arizona Tax Research Ass'n* and *Estate of Walton,* we find it necessary to take a fresh look at *Cortaro* and *Mission Hardwood,* on which rests our broad interpretation of the nominal party exception in *Atchison.* In *Cortaro,* the Department of Water Resources (DWR) held a public hearing on an application by the City of Tucson for permission to drill three new water wells within the Tucson Active Management Area. The Cortaro Water Users' Association and Cortaro–Marana Irrigation District (Cortaro) protested the applications. Cortaro also requested that DWR issue a cease and desist order prohibiting the city from pumping from an existing well in the same area.

DWR conditionally granted the city's well permit applications and took no action on Cortaro's request for a cease and desist order. Cortaro brought an administrative review action in superior court, naming DWR and the city as defendants and asking that the court enjoin the city from pumping from the existing well. The superior court granted judgment in favor of Cortaro but denied its request for attorney's fees against DWR pursuant to A.R.S. § 12–348.

The court of appeals affirmed on the merits but reversed the denial of attorney's fees under A.R.S. § 12–348. On review, the supreme court held that A.R.S. § 12–348(A)(3) authorizes an award of attorney's fees against a state agency whose administration of a legislative enactment includes a quasi-judicial function and which becomes a party to an action in superior court to review its administrative decision. The supreme court also held that, in the particular case before it, subsection (A)(3) was not rendered inapplicable on the theory that DWR had functioned merely as a nominal party within subsection (G)(4) in the administrative review action.

While the court first observed that DWR was an indispensable party in the review action pursuant to A.R.S. § 12–908, the court also observed that the Administrative Review Act contemplated "that the role of the administrative agency as a party defendant may simply be that of certifying its record to the superior court, leaving the parties in the superior court in the same posture they were before the administra-

tive agency...." 148 Ariz. at 317, 714 P.2d at 810. The court stated:

> The nominal party exclusion *can logically attach* to review at the superior court level *as long as the agency simply certifies the record and answers the complaint.* However, if the agency takes the role of an advocate it ceases to be a nominal party and may lose its statutory protection. *We need not decide for purposes of this appeal when an agency is or is not a nominal party.*
>
> ....

*Id.* at 318, 714 P.2d at 811 (Emphasis added.)

In a similar context, this court stated in *Mission Hardwood:*

> In *Cortaro Water Users' Ass'n v. Steiner,* 148 Ariz. 314, 714 P.2d 807 (1986), the Arizona Supreme Court noted that, pursuant to A.R.S. § 12–348, attorneys' fees should not be assessed against a state agency which adopts a nominal role in the appeal and review of its decision. However, the court held that if the agency adopts the role of advocate, it ceases to be a nominal party and loses its statutory protection.

149 Ariz. at 16, 716 P.2d at 77.

Contrary to our analysis in *Atchison,* 162 Ariz. at 137–38, 781 P.2d at 615–16, the fact that both *Cortaro* and *Mission Hardwood* arose in the context of judicial reviews of agency decisions is central to their proper interpretation. A quasi-judicial administrative agency joined as a party defendant to review its administrative decision has no pecuniary or proprietary interest in the outcome of the action. As *Cortaro* observed, such an agency's interest lies in how the court's decision might affect how it must deal administratively with other parties in the future. *Cortaro* and *Mission Hardwood* held that a state agency named as a party defendant in a superior court action may lose its nominal party status by taking an active part in the superior court proceedings and advocating on its own behalf. To be sure, *Cortaro* and *Mission Hardwood* clearly stand for the proposition that abstention from actively participating as an advocate is a necessary condition for attaining nominal party status. However, in

view of the limited factual and legal context of those decisions, they may not fairly be read to hold that any state agency that does so is *ipso facto* entitled to nominal party status in every case.

The ordinary English meaning of "nominal" party status fits this view. *Webster's Third New International Dictionary* (1969) defines "nominal" in part as follows:

> 4a(1): Existing or being something in name or form but usu. not in reality; FORMAL, OSTENSIBLE—distinguished from *actual* ... < the plaintiff is only a [nominal] party and not the real party in interest—D.C. Cook & Myer Feldman > ....

*Id.* at 1534. Similarly, *Black's Law Dictionary* (5th ed. 1979) defines "nominal defendant" as:

> A person who is joined as defendant in an action, not because he is immediately liable in damages or because any specific relief is demanded as against him, but because his connection with the subject-matter is such that the plaintiff's action would be defective, under the technical rules of practice, if he were not joined.

*Id.* at 946. As these definitions demonstrate, abstention from actively participating as an advocate is not the only defining characteristic of a nominal party. To qualify as a nominal party, a defendant must also lack any pecuniary or proprietary stake in the outcome of the action. If the action may result in liability in damages or other specific relief, a party cannot qualify as a nominal party even by scrupulously avoiding active participation in the lawsuit. To the extent our opinion in *Atchison* indicated otherwise, we disapprove it.

We continue to adhere to the view, implicit in *Atchison,* that the Department's pervasive statewide role in the *ad valorem* taxation of real property in Arizona is insufficient by itself to disqualify the Department as a nominal party for purposes of A.R.S. § 12–348(G)(4). While the Department's statutory powers give it direct involvement in specific property tax litigation or in the events leading up to it, *see, e.g.,* A.R.S. §§ 11–505, 11–506, 42–104, 42–141, 42–143, 42–144, 42–145, 42–146, 42–148, 42–

221, 42–224, and 42–405, the mere existence of the Department's statutory powers does not disqualify it as a nominal party.

The Department would qualify as a nominal party on the facts in *Atchison* under the test we now apply. In *Atchison* the tax in question was a secondary property tax. No portion of secondary property tax revenues are remitted to the state; instead they go to the municipality, county or taxing district for whose benefit the tax was levied. *See* A.R.S. § 42–201(11). Thus, in *Atchison*, only the hospital district that levied the tax whose legality was in question would have been required to refund money to the taxpayers. The state therefore had no pecuniary or proprietary interest in the outcome of that litigation. Because the Department's only putative interest in *Atchison* sprang from its general role as overall administrator of the property tax laws of Arizona, and it refrained from participating as an advocate on the merits, the Department there was properly held a "nominal" party within A.R.S. § 12–348(G)(4).

In contrast to *Atchison*, this case concerns primary property taxes, which are levied and assessed by counties in part on behalf of the state. *See* A.R.S. § 42–206, 42–207(B). Once collected, a share of all primary property tax revenues is credited to the state. A.R.S. § 42–341(A). At oral argument, without rebuttal, the taxpayer asserted that 47¢ of every $100 valuation goes to the Department. When a county is required to refund primary property taxes to a taxpayer, the state is required by law to credit the county for that proportion of the tax overpayment that the state previously received. A.R.S. § 42–178(E) (as amended 1990 Ariz.Sess.Laws., 3d S.S., ch. 9, § 12); 42–178(F) (as amended 1990 Ariz. Sess. Laws ch. 360, § 8); 42–353. Accordingly, even assuming that the Department never became an advocate on the merits in this litigation, it nevertheless had a direct pecuniary interest in its outcome.

We need not explore the extent to which the Department actually exercised its power to participate in the instant litigation. The tax court correctly held that the Department was not a "nominal party" to this litigation within A.R.S. § 12–348(G)(4), and was therefore liable to a mandatory award of attorney's fees pursuant to A.R.S. § 12–348(A)(2). We agree with those rulings.

## LIMITATION OF TAXPAYER'S ATTORNEY'S FEES AWARD TO $10,000 PURSUANT TO A.R.S. § 12–348(D)(3)

■ On cross-appeal, the taxpayer argues that the tax court erred in limiting its award of attorney's fees to $10,000 pursuant to A.R.S. § 12–348(D)(3). In response, the Department does not argue that A.R.S. § 12–348(D)(3) was properly applied but rather contends that the award should be undisturbed because the limitation resulted from the hourly rate limitation in A.R.S. § 12–348(D)(2). In reply, the taxpayer points out that if the tax court had actually based the award exclusively on the hourly rates it determined for the taxpayer's two attorneys, the total award would still have exceeded $10,000.

We agree with the taxpayer. In its ruling on the taxpayer's request for attorney's fees, the tax court stated:

THE COURT FURTHER FINDS that Plaintiff is entitled to recover attorneys' fees against the Arizona Department of Revenue in the amount $10,000, the maximum amount permitted by A.R.S. § 12–348(D)(3). Mr. Mooney's fees are allowed in the amount of $5,600 and Mr. Askew's fees are allowed in the amount of $4,400.

. . . .

Defendant Department of Revenue ("DOR")'s objections with respect to attorneys' fees are well taken only to the extent they call the Court's attention to the limitation on attorneys' fee awards contained in A.R.S. § 12–348(D)(3). The Court has taken note of that section, and limited the fees prayed for to $10,000. In doing so, it has allowed Plaintiff's senior attorney to be compensated at the rate of $100 per hour based on the Court's belief that the cost of living has so increased since the adoption of the $75 per hour limitation that allowance of fees at a higher rate is justified. The Court has also been guided by the Legislature's recent enactment of legislation increas-

ing the limitation on the hourly rate allowable.[3]

Contrary to the Department's implicit suggestion, the tax court plainly concluded that the $10,000 limitation imposed by A.R.S. § 12–348(D)(3) was applicable. This conclusion was error. A.R.S. § 12–348(D)(3) provided:

> The court shall base any award of fees as provided in this section on prevailing market rates for the kind and quality of the services furnished, except that:
>
> . . . .
>
> 3. An award of fees against a city, town or county as provided in this section shall not exceed ten thousand dollars.

This subsection does not apply to awards of attorney's fees against the state. *Stewart Title & Trust Co. of Tucson v. Pima County*, 156 Ariz. 236, 751 P.2d 552 (App. 1987).

The taxpayer claimed compensation for 56.0 hours performed by its senior attorney at an agreed rate of $175.00 per hour, and for 75.2 hours performed by its junior attorney at an agreed rate of $75.00 per hour. As the tax court's minute entry ruling indicates, the court fixed the compensation rate for the senior attorney at $100.00 per hour, yielding $5,600.00 in compensation for that attorney. Full compensation of the junior attorney's 75.2 hours at $75.00 per hour yields additional compensation of $5,640.00. The tax court instead awarded $4,400.00 for that attorney's services, due to its conclusion that the taxpayer's total award of attorney's fees could not exceed $10,000.00 ($5,600.00 plus $4,400.00).

Because this conclusion was erroneous, the attorney's fees award for the junior attorney's services must be redetermined. From this record, however, we cannot say without question that the tax court's entire reduction of the junior attorney's fees was attributable solely to its erroneous belief that A.R.S. § 12–348(D)(3) applied. We ac-

cordingly remand for recalculation of the taxpayer's award of attorney's fees in light of the views expressed here.

### ATTORNEY'S FEES ON APPEAL

The taxpayer requests an award of attorney's fees on appeal pursuant to A.R.S. § 12–348. We grant the request. *See Lincoln Fosseat Associates v. Arizona Department of Revenue*, 167 Ariz. 36, 804 P.2d 765 (1990). The taxpayer may establish the amount of its award by complying with Rule 21(c), Arizona Rules of Civil Appellate Procedure.

Affirmed in part; reversed in part; remanded for proceedings consistent with this opinion.

FIDEL, C.J., and JACOBSON, P.J., concur.

---

**3.** New A.R.S. § 12–348(E)(3), enacted by 1990 Ariz.Sess.Laws ch. 360, § 1, effective September 1, 1990, limits awards of attorney's fees in tax litigation to a maximum of one hundred dollars per hour.