THOMPSON, Presiding Judge,
concurring in the result.
I agree with the main opinion that Judge John E. Enslen does not have standing, in his capacity as probate judge of Elmore County, to appeal the judgments of the Elmore Circuit Court (“the *846 trial court”) in these actions. Lack of standing is a jurisdictional defect. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1027 (Ala.1999). Therefore, I agree "with the main opinion’s decision to dismiss the appeals. See Cadle Co. v. Shabani, 4 So.3d 460, 463 (Ala.2008) (holding that, in the absence of subject-matter jurisdiction because of a lack of standing, the court must dismiss the action); Goodyear Tire & Rubber Co. v. Moore, 900 So.2d 1239, 1240 (Ala.Civ.App.2004) (“Therefore, because the company in the present case lacks standing to seek appellate review ..., we must dismiss this appeal”).
“Standing ... turns on ‘whether the party has been injured in fact and whether the injury is to a legally protected right.’ ” State v. Property at 2018 Rainbow Drive, 740 So.2d at 1027. Generally,”[t]o have standing to appeal a judgment, one must have been a party to the judgment below.” Triple J Cattle, Inc. v. Chambers, 621 So.2d 1221, 1223 (Ala.1993); see also Boschert Merrifield Consultants, Inc. v. Masonite Corp., 897 So.2d 1048, 1051 (Ala. 2004) (same), and Daughtry v. Mobile Cty. Sheriff’s Dep’t ex rel. Purvis, 536 So.2d 953, 954 (Ala.1988) (same). Judge Enslen was not a party to the actions below.
I agree with the main opinion that Judge Enslen was, at most, a “nominal party” to the petitions for writ of mandamus filed in the trial court. Alabama law does not contain a definition of the term “nominal defendant,” but Black’s Law Dictionary contains an entry for that term that refers us to the term “nominal party.” A “nominal party” is
“[a] party to an action who has no control over it and no financial interest in its outcome; esp., a party who has some immaterial interest in the subject matter of a lawsuit, and who will not be affected by any judgment, but who is nonetheless joined in the lawsuit to avoid procedural defects.”
Black’s Law Dictionary, 1298 (10th ed.2014). In earlier editions, Black’s contained the following definition for the term “nominal defendant”:
“A person who is joined as defendant in an action, not because he is immediately liable in damages or because any specific relief is demanded as against him, but because his connection with the subject-matter is such that the plaintiffs action would be defective, under the technical rules of practice, if he were not joined.”
Black’s Law Dictionary 1049 (6th ed.1990); see also Soderlund v. Administrative Dir. of Courts, 96 Haw. 114, 119-20, 26 P.3d 1214, 1219-20 (2001) (quoting the sixth edition of Black’s Law Dictionary in defining “nominal defendant”), and Bromley Grp., Ltd. v. Arizona Dep’t of Revenue, 170 Ariz. 532, 539, 826 P.2d 1158, 1165 (Ct.App.1991) (quoting the fifth edition of Black’s Law Dictionary, which contained the same definition as the sixth edition, in defining “nominal defendant”). “As these definitions demonstrate, abstention from actively participating as an advocate is not the only defining characteristic of a nominal party. To qualify as a nominal party, a defendant must also lack any pecuniary or proprietary stake in the outcome of the action.” Bromley Grp., Ltd. v. Arizona Dep’t of Revenue, 170 Ariz. at 539, 826 P.2d at 1165. Given the foregoing, I agree that Judge Enslen is a nominal party to the proceedings below. The main opinion notes that Judge Enslen did not participate in the mandamus proceedings in the trial court. To the extent the main opinion might imply otherwise, however, I do not agree that if Judge Enslen had participated in the mandamus proceedings, such participation would afford him standing to appeal the judgments entered in those actions; Judge Enslen would remain a nominal party to those actions.
*847 In responding in his reply brief to the standing argument asserted by the Alabama Department of Transportation (“AL-DOT”) in its appellate brief, Judge Enslen argues that he has standing to appeal what he contends are erroneous judgments pertaining to the parties to the condemnation actions because, he says, he is a public official who has a duty to uphold the law. Judge Enslen contends in his reply brief that, because he believes that the trial court’s orders were erroneous, he “cannot in good conscience silently comply with the mandamus [orders] because he views [doing so] as a flagrant violation of the rights of the citizens under the responsibility of his county office.” Judge Enslen cites several cases in which our supreme court has considered petitions for a writ of mandamus seeking extraordinary relief filed by lower-court judges, including one case in which Judge Enslen sought emergency relief from our supreme court. See Ex parte State ex rel. Alabama Policy Institute, 200 So.3d 495 (Ala.2015); Ex parte Vance, 900 So.2d 394 (Ala.2004); Ex parte Sharp, 893 So.2d 571 (Ala.2003); and Ex parte Calhoun, 688 So.2d 259 (Ala.1997). In those opinions, the issue of the standing of the lower-court judge who sought relief in the supreme court was not addressed by that court. However, the circumstances under which the requests for extraordinary relief raised in those petitions for a writ of mandamus were addressed by our supreme court are distinguishable from the circumstances of these cases, in which Judge Enslen has attempted to appeal from orders of the trial court.
Ex parte Calhoun and Ex parte Vance both involved issues regarding the authority the lower-court judges could exercise in their own courts; those opinions did not address the propriety or the correctness of the merits of the issues the parties presented for resolution. In Ex parte State ex rel. Alabama Policy Institute, supra, our supreme court concluded that Judge Enslen had standing to petition the supreme court for extraordinary emergency relief because the issue in that case—the authority of a court to issue marriage licenses to same-sex couples—impacted the ministerial duties of his job as a probate judge in this state. In Ex parte Sharp, supra, the lower-court judge filed a petition for a writ of mandamus pertaining to a writ of prohibition issued to the lower-court judge by the Court of Criminal Appeals. However, the defendant in a capital-murder action at issue in Ex parte Sharp, who clearly had standing, also filed a petition for a writ of mandamus raising the same issues, and the two petitions for extraordinary relief were consolidated and addressed in one opinion.[3]
In these cases, Judge Enslen argues that the trial court erred in entering its orders; he maintains in his appeals that the parties did not properly invoke the jurisdiction of the trial court and that the relief granted by the trial court was erroneous. Judge Enslen also argues that he is attempting to protect the citizens of his county from improper orders. However, there does not appear to be a matter of public interest at issue here.[4] Rather, these actions involve the condemnation of *848 private property, and the arguments Judge Enslen asserts benefit Mercer Properties, Inc., and Willow Bend Properties, Inc., neither of which sought appellate relief from the trial court’s orders. See Hillyard v. Leonard, 431 S.W.2d 187, 188 (Mo.1968) (“Obviously, appellant [ (who the court found to be a nominal defendant) ] has no standing to present an issue of the fairness of the decree. He was not a party to the settlement agreement and could not be aggrieved thereby. He seeks merely to appeal the case on behalf of noncomplain-ing plaintiffs.”).
The extraordinary relief available pursuant to a petition for a writ of mandamus might be available to Judge Enslen if he were seeking relief on the basis that the law or a court was requiring him to perform an impermissible act. As the main opinion concludes, however, in his appeals addressing the merits of the judgments below, Judge Enslen is advocating against what he maintains is a legally incorrect ruling. Although this court might recognize
“the practice of naming the court or judge whose action is complained of as a nominal defendant ... simply because he is the proper person or official to furnish the reviewing court a duly authenticated record of the case to be re-viewedf, ... w]e know of no rule which makes it competent for the justice of the peace whose judicial act is sought to be reviewed or set aside to sue out certiora-ri in his own right for the purpose of invaliding a ruling made by a superior court.”
Travis v. District Court of Dallas Cty., 199 Iowa 658, 656-57, 192 N.W. 835, 836 (1923).
Judge Enslen’s position is that he has standing to appeal orders that he does not believe were correctly reached so that he cannot be compelled to comply with such orders. The decisions of lower-court judges are often reversed or overruled by higher courts, and lower-court judges might often believe that the higher court’s ruling is erroneous. Judge Enslen’s argument, if applied to other judges and courts, would allow any judge of this state to appeal an order with which he or she disagrees, or regarding which he or she questions the higher court’s authority to enter, and perhaps to raise issues and arguments not contemplated by the parties to the action when the matter was originally litigated before the lower-court judge. Under such circumstances, a trial-court judge, or perhaps a judge from this court, could conceivably attempt to seek review of decisions of the Alabama Supreme Court to the United States Supreme Court. Such circumstances would also place lower-court judges in the precarious position of possibly being seen as advocating on behalf of certain parties to the action in which the lower-court judge had just ruled, which might call into question the judge’s impartiality.
In these cases, the issue is the propriety of orders allowing the condemnation of specific parcels of private property. I recognize that Judge Enslen, in briefing one of his issues, questions the jurisdiction of the trial court to enter its orders. However, I believe that that is an issue to be raised by the private parties impacted by the trial court’s orders. Although I sympathize with Judge Enslen and can identify with his frustration in being compelled to act in accordance with what he believes are incorrect or improper orders from a higher court, I do not believe that Judge Enslen has suffered an injury to a legally protected right such that he has standing to appeal those orders. See State v. Property at 2018 Rainbow Drive, supra. Therefore, I concur in the result.

. I also note that it can he argued that, given the nature of the order issued by the lower-court judge in Ex parte Sharp, supra, the lower-court judge could arguably be said to have acted in compliance with a duty to the public to ensure the appropriate prosecution of one accused of capital murder. See Ex parte State ex rel. Alabama Policy Institute, 200 So.3d at 532 (discussing the issue of standing in the context of a public official acting in regard to an issue of great public interest).

. Judge Enslen concedes in his reply brief that he does not have standing under the public-interest theory set forth in Ex parte State ex rel. Alabama Policy Institute, supra.