831 P.2d 865

**EL PASO ELECTRIC COMPANY; the Department of Water and Power of the City of Los Angeles; Public Service Company of New Mexico; Southern California Edison Company; Southern California Public Power Authority Association; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreements et al., Plaintiffs–Appellants, Cross–Appellees,**

**v.**

**MARICOPA COUNTY, a political subdivision of the State of Arizona, Defendant–Appellee, Cross–Appellant,**

**Arizona Department of Revenue, an agency of the State of Arizona, Defendant–Appellee.**

**No. 1 CA–TX 90–035.**

Court of Appeals of Arizona, Division 1, Department T.

March 26, 1992.

Review Granted June 30, 1992.

Snell & Wilmer by Lawrence F. Winthrop and Eileen J. Moore, Phoenix, for plaintiffs-appellants, cross-appellees.

Lewis & Roca by John P. Frank and Patrick Derdenger, Phoenix, for defendant-appellee, cross-appellant Maricopa County.

Grant Woods, Atty. Gen. by Daniel G. Harrington, Asst. Atty. Gen., Phoenix, for defendant-appellee Arizona Dept. of Revenue.

## OPINION

CONTRERAS, Presiding Judge.

The owners of taxable real property in Maricopa County appeal from a judgment of the Arizona Tax Court determining that the county correctly calculated its levy limit for the 1987 tax year under article IX, section 19 of the Arizona Constitution and A.R.S. section 42–301. Our decision in this appeal is controlled by our opinion in *Salt River Project Agricultural Improvement and Power District v. Apache County*, 171 Ariz. 476, 831 P.2d 852 (1992). As in that case, we conclude that the county incorrectly calculated its levy limit and reverse.

## FACTUAL AND PROCEDURAL HISTORY

This case concerns the effect that placing Units I and II of the Palo Verde Nuclear Generating Station into service in 1986 had on Maricopa County's levy limit. Although the construction work necessary to make the units operable had been virtually completed by January 1, 1986, the federal certification necessary to operate the units at full power was not obtained until later that year. The units were therefore valued as "construction work in progress" (CWIP) for the 1986 tax year. Their statutory valuation was changed from CWIP to "original plant in service" (OPIS) pursuant to A.R.S. section 42–144.02 on January 1, 1987.

As Apache County did in *Salt River Project*, Maricopa County calculated its primary property tax levy limitation for 1987 using the procedure in A.R.S. section 42–301. The denominator of the fraction that yielded the "maximum allowable tax rate" pursuant to A.R.S. section 42–301(A)(3) and (4) was to be fixed at one hundredth of "the assessed value for the current tax year [1987] of all property in [Maricopa County] that was subject to tax in the preceding tax year [1986]." In arriving at the total assessed value figure, Maricopa County assigned Units I and II only their CWIP value, which was fifty percent of their construction cost as of December 31, 1985.

This amount was $417,125,671 less than the 1987 OPIS cost would have been. A.R.S. § 42–144.02(B)(2). Because the denominator was smaller than it would have been if Unit I and II's full 1987 OPIS valuation had been used, the "maximum allowable tax rate" computed pursuant to A.R.S. section 42–301(A)(3) and (4) was higher than it would otherwise have been. Employing the tax rate thus computed in the remaining calculations specified by A.R.S. section 42–301(A)(5) and (6) yielded a 1987 levy limit that was $4,319,650 higher than it would have been if the full 1987 valuation of Units I and II had been used in calculating the maximum tax rate for that year.

On October 31, 1988, appellants filed this action in the Arizona Tax Court challenging the legality of Maricopa County's treatment of Units I and II in computing the 1987 levy limit. On cross-motions for summary judgment, the Arizona Tax Court

ruled for Maricopa County and the Department of Revenue. Following Division Two's decision in *Arizona Tax Research Ass'n v. Maricopa County*, 162 Ariz. 94, 781 P.2d 71 (App.1989), *vacated in part on other grounds*, 163 Ariz. 255, 787 P.2d 1051 (1989), the Arizona Tax Court determined that when utility property which has been under construction is placed into service, the difference between its CWIP and OPIS values constitutes property that was not subject to taxation in the prior year. Accordingly, the Arizona Tax Court agreed with Maricopa County that that amount was not to be included within the denominator of the formula by which the maximum allowable tax rate for 1987 was computed. The Arizona Tax Court stated:

> This Court is of the view that the legislature intended, by enacting the statute by which the construction work in progress is valued, to mitigate the property tax burden on a utility which owned taxable property not contributing to revenue. It did not intend that, once the plant became operational, its full value would not be part of the county tax base.

The Arizona Tax Court also denied Maricopa County's request for an award of attorney's fees pursuant to A.R.S. sections 12–341.01(C) and 12–349.

The Arizona Tax Court entered a formal judgment in accordance with its ruling. Appellants filed a timely notice of appeal. Maricopa County filed a timely notice of cross-appeal from the portion of the Arizona Tax Court's judgment that denied it its attorney's fees.

## PRECLUSION OF CWIP ISSUE PURSUANT TO DOCTRINE OF VIRTUAL REPRESENTATION

■ As Apache County did in *Salt River Project*, Maricopa County contends as a cross-issue on appeal that the tax court's judgment must be affirmed because appellants are precluded under the doctrine of virtual representation from relitigating the CWIP issue determined by Division Two in *Arizona Tax Research*. As occurred in *Salt River Project*, the county argued below that appellants' claims were precluded by *Arizona Tax Research*. The Arizona Tax Court, however, ruled in the county's favor on the merits and did not reach that argument. Maricopa County was therefore required, as Apache County was in *Salt River Project*, to notice a timely cross-appeal from the tax court's judgment in order to confer jurisdiction on this court to consider its claim of issue preclusion under the doctrine of virtual representation. Following *Salt River Project*, we conclude that we lack jurisdiction to consider Maricopa County's preclusion argument.

## CALCULATION OF MARICOPA COUNTY'S 1987 PROPERTY TAX LEVY LIMIT

■ For the reasons discussed in our opinion in *Salt River Project*, we hold that Maricopa County's exclusion of the difference between the 1987 OPIS and CWIP values of Units I and II of the Palo Verde Generating Station from the denominator of the fractional formula by which it calculated its maximum tax rate for that year misinterpreted article IX, section 19(6) of the Arizona Constitution and A.R.S. section 42–301(A).

## MARICOPA COUNTY'S CROSS-APPEAL

Because of our holding in this decision, we need not address Maricopa County's cross-appeal regarding the Arizona Tax Court's denial of its attorney's fees.

Reversed and remanded for proceedings consistent with this opinion.

EUBANK, J., concurs.

FIDEL, Judge, dissenting:

I respectfully dissent for the reasons set forth in my dissenting opinion in *Salt River Project Agricultural Improvement & Power District v. Apache County*, 171 Ariz. 476, 831 P.2d 852.