837 P.2d 137

EL PASO ELECTRIC COMPANY; the Department of Water and Power of the City of Los Angeles; Public Service Company of New Mexico; Southern California Edison Company; Southern California Public Power Authority Association; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of December 16, 1985, with Chrysler Financial Corporation; the First National Bank of Boston, a national banking association as Trustee under the certain Trust Agreement dated as of December 16, 1985, with Burnham Leasing Corporation; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of December 16, 1985, with MFS Leasing Corporation; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of July 31, 1986, with Palo Verde 1–PNM August 50 Corporation (assignee of Chase Manhattan Realty Leasing Corporation); the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of August 12, 1986, with CGI Capital, Inc.; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of August 12, 1986, with Burnham Leasing Corporation; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of August 12, 1986, with MFS Leasing Corp. (assignee of Beneficial Leasing Group, Inc.); the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of August 12, 1986, with Palo Verde Leasing Corporation (assignee of First Chicago Lease Holdings, Inc.); the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of August 12, 1986, with MFS Leasing Corporation; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of December 15, 1986, with Palo Verde 1–PNM December 75 Corporation (assignee of Chase Manhattan Realty Leasing Corporation); the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of December 15, 1986, with PV2–PNM December 35 Corporation (assignee of Chase Manhattan Realty Leasing Corporation); the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of August 1, 1986, with Security Pacific Capital Leasing Corporation; the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of August 1, 1986, with Emerson Capital Corporation (assignee of Emerson Finance Co.); the First National Bank of Boston, a national banking association, as Trustee under the certain Trust Agreement dated as of December 15, 1986, with PV2–APS 150 Corporation (assignee of Chase Manhattan Realty Corporation); the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of August 1, 1986, with Energy Investments, Inc.; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of August 1, 1986, with Burnham Leasing Corporation; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of August 1, 1986, with Alexander Hamilton Life Insurance Company of America; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of August 1, 1986, with Palatine Hills Leasing, Inc.; the First National Bank of Boston, a national banking associa-

tion, as Owner Trustee under the certain Trust Agreement dated as of August 1, 1986, with Chrysler Financial Corporation; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of August 1, 1986, with Commercial Financial Corporation; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of December 1, 1986, with Commercial Federal Investment Corporation; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of December 1, 1986, with Chrysler Financial Corporation; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of November 1, 1987, with Palo Verde Leasing Corporation; the First National Bank of Boston, a national banking association, as Owner Trustee under the certain Trust Agreement dated as of November 1, 1987, with Security Pacific Capital Leasing Corporation, Plaintiffs–Appellants, Cross–Appellees,

v.

MARICOPA COUNTY, a political subdivision of the State of Arizona, Defendant–Appellee, Cross–Appellant,

Arizona Department of Revenue, an agency of the State of Arizona, Defendant–Appellee.

No. CV–92–0180–PR.

Supreme Court of Arizona, En Banc.

Sept. 3, 1992.

Snell & Wilmer by Lawrence F. Winthrop, Eileen J. Moore, Phoenix, for plaintiffs-appellants, cross-appellees.

Lewis and Roca by John P. Frank, Patrick Derdenger, Phoenix, for defendant-appellee, cross-appellant Maricopa County.

Grant Woods, Atty. Gen. by Daniel G. Harrington, Phoenix, for defendant-appellee Ariz. Dept. of Revenue.

FELDMAN, Chief Justice.

The issue in this case is whether petitioner Maricopa County used the correct value of Palo Verde Nuclear Plant Units I and II in calculating the denominator of the formula used to determine its primary property tax levy limit for the 1987 tax year pursuant to article 9, § 19 of the Arizona Constitution and A.R.S. § 42–301(A). The court of appeals held that it did not. See *El Paso Elec. Co. v. Maricopa County*, 171 Ariz. 489, 831 P.2d 865 (Ct.App.1992); *see also Salt River Project Agric. Improv. and Power Dist. v. Maricopa County*, 171 Ariz. 476, 831 P.2d 852 (Ct.App.1992) (companion case). We granted review to resolve the conflict between the court of appeals' opinion and the opinion in *Arizona Tax Research Ass'n v. Maricopa County*, 162 Ariz. 94, 781 P.2d 71 (Ct.App.), *vacated in part*, 163 Ariz. 255, 787 P.2d 1051 (1989), on this issue of statewide importance. *See* Rule 23(c)(4), Ariz.R.Civ.App. Proc., 17B A.R.S. We have jurisdiction pursuant Ariz. Const. art. 6, § 5(3).

Construction of Palo Verde Nuclear Plant Units I and II was virtually complete before the end of 1986. Because, however, the units were not in service for the full 1986 calendar year, they were valued at 50% of their construction cost as "construction work in progress" (CWIP) for the 1986 tax year pursuant to A.R.S. § 42–144.02(C), (H)(1). For the 1987 tax year, the units were valued at their full construction cost as "original plant in service" (OPIS) pursuant to § 42–144.02(H)(5). In calculating its 1987 levy limit, the County used a figure representing OPIS-minus-CWIP in the denominator of its calculation, effectively treating the increase in the value of the property that occurred when it was put into service as net new construction. *See Arizona Tax Research*, 162 Ariz. at 96, 781 P.2d at 73.

El Paso Electric Co., along with other utilities and financial service companies

(collectively Respondents), challenged the County's levy limit calculation in the Arizona Tax Court, which granted summary judgment in favor of the County. Respondents appealed, and the court of appeals reversed. For the reasons given in our opinion today in *Salt River Project v. Apache County*, 172 Ariz. 337, 837 P.2d 139 (1992), the judgment of the Arizona Tax Court is affirmed, and that portion of the court of appeals' opinion addressing the calculation of Maricopa County's 1987 property tax levy limit is vacated.

MOELLER, V.C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.