NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RICHARD RYNN, *et al.*, *Plaintiffs/Appellants,*

*v.*

UHS OF PHOENIX, LLC, *et al.*, *Defendants/Appellees.*

No. 1 CA-CV 23-0392
FILED 07-18-2024

Appeal from the Superior Court in Maricopa County
No. CV2020-094244
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Richard Rynn, Gelliana David-Rynn, Mathew Rynn,
Marcella Rynn, Chandler
*Plaintiffs/Appellants*

Holden & Armer, PC, Phoenix
By Carolyn Armer, Michael J. Ryan, Nathan S. Ryan
*Counsel for Defendant/Appellee UHS of Phoenix, LLC dba Quail Run Behavior Health*

Broening Oberg Woods & Wilson, PC, Phoenix
By Megan E. Gailey, Kelley M. Jancaitis
*Counsel for Defendant/Appellee La Frontera Empact-SPC*

Cohen Law Firm, Phoenix
By Larry J. Cohen
*Counsel for Defendant/Appellee Devereux*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Phoenix
By Jeffrey S. Hunter
*Counsel for Defendant/Appellee Aurora Behavioral Healthcare Tempe, LLC*

Doyle Hernandez Millam, Phoenix
By William H. Doyle, Brandon D. Millam, Nathan Andrews
*Counsel for Defendant/Appellee Day Starz Group Home and Tamla Alexander*

Slattery Petersen, PLLC, Phoenix
By Elizabeth A. Petersen, Gabriel O'Quin
*Counsel for Defendants/Appellees Maricopa County Special Healthcare District dba Maricopa Integrated Health Systems and Desert Vista*

Arizona Attorney General's Office, Phoenix
By Rebecca Banes, Stephanie Elliott
*Counsel for Defendant/Appellee Department of Child Safety and Department of Health Services*

Burch & Cracchiolo, PA, Phoenix
By Ian Neale, Matthew J. Skelly
*Counsel for Defendant/Appellee Maricopa County Unified School District*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**C A T T A N I**, Judge:

¶1        Richard Rynn, Gelliana David-Rynn, and their children Mathew and Marcella Rynn (collectively, "Rynn") appeal the superior court's judgments dismissing their complaint against the following Appellees: Day Starz Group Home and Tamla Alexander (collectively, "Day Starz"); Aurora Behavioral Health ("Aurora"); La Frontera-Empact SPC ("Empact"); the State of Arizona and the governor, Arizona Department of Health Services ("DHS") and its director, and Arizona Department of Child Safety ("DCS") and its director (collectively, the "State

2

Defendants"); UHS of Phoenix, L.L.C., d/b/a Quail Run Behavioral Health ("Quail Run"); Devereux; and Maricopa County Special Healthcare District d/b/a Maricopa Integrated Health System and Desert Vista (collectively, "the District"). We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** This case is Rynn's second lawsuit arising from treatment Marcella[1] received from inpatient behavioral health facilities, including treatment rendered during a dependency proceeding while Marcella was in DCS's care.[2] The dependency proceedings were initiated after Marcella and her mother voluntarily checked Marcella into a behavioral health center for mental health treatment. DCS subsequently received reports that Richard had been interfering with Marcella's treatment, intended to remove her from the facility, and threatened to "kill everyone at the hospital," including the therapist Richard blamed for contacting DCS. Following contested dependency proceedings, the superior court adjudicated Marcella dependent, finding that Richard had failed to provide Marcella adequate mental health treatment prior to 2017 despite her serious symptoms, that he attempted to remove her from a treatment facility despite being warned it was not safe for her to leave, and that he prevented Marcella from taking appropriate medications. This court affirmed the superior court's dependency order in February 2018. *Richard R. v. Dep't of Child Safety*, 2 CA-JV 2017-0165, 2018 WL 718932 (Ariz. App. Feb. 6, 2018) (mem. decision). The dependency proceedings ended in October 2018, and Marcella turned 18 the next month.

**¶3** Richard and Marcella first sued the State Defendants and others in January 2018. The lawsuit was removed to federal district court, and Marcella was dismissed as a plaintiff. Asserting malfeasance relating to Marcella's 2017 mental health treatment and involvement with DCS, Rynn sought damages for interference with the parent–child relationship, intentional infliction of emotional distress, wrongful imprisonment, and due process violations. The district court ultimately dismissed the case with prejudice as to all defendants, including the State Defendants, Quail Run, and Empact (the "2018 litigation"). *See Rynn v. McKay*, CV-18-00414-

---

[1]     For clarity, we respectfully refer to parties who share a last name by their first names.

[2]     The superior court's dismissal of a third case was recently affirmed in *Rynn v. UHS of Phoenix, LLC*, 2 CA-CV 2022-0175, 2023 WL 4173803 (Ariz. App. June 26, 2023) (mem. decision).

PHX-JJT, 2018 WL 5807082 (D. Ariz. Nov. 6, 2018) (order dismissing with prejudice); *see also Rynn v. McKay*, 793 Fed. Appx. 559 (9th Cir. 2020) (affirming the dismissal).

**¶4** Rynn filed this lawsuit in July 2020 based on the same nucleus of facts, seeking compensatory and punitive damages and bringing claims for relief that included defamation, false light, assault and battery, involuntary treatment, child abuse and neglect, emotional distress, abduction of child, racketeering, negligence, and sexual abuse. In October 2020, Rynn filed a second amended complaint ("SAC"), which did not allege new claims but included new parties Aurora, Day Starz Group Home, Devereux, and others. In November 2020, Rynn filed a motion to amend the complaint and add additional parties. Rynn re-filed the SAC in January 2021, including the additional parties.

**¶5** In April 2021, the court dismissed the claims against Empact, Quail Run, and the State Defendants on res judicata and statute of limitations grounds—as well as on several other grounds for the State Defendants. In May 2021, the court dismissed the claims against Devereux due to insufficient process and insufficient service of process. In May and June of 2021, the court entered Rule 54(b) final judgments for Empact, Quail Run, the State Defendants, and Devereux.

**¶6** Rynn filed a third amended complaint ("TAC") in May 2021, without seeking the required permission from the court. *See* Ariz. R. Civ. P. 15(a)(2). Rynn alleged the same claims raised in the SAC, but also added claims for fraud, abuse of process, and breach of contract. In July 2021, the court granted Rynn permission to file the TAC, noting that it had already been filed. The court later noted in a September 2021 order that the TAC did not "revive[]" the claims against the previously dismissed parties for whom Rule 54(b) judgments had been entered. The TAC added Arizona Governor Doug Ducey, DHS Director Cara Christ, and DCS Director Gregory McKay as defendants, but those defendants were never served.

**¶7** Rynn filed several motions for leave to file additional amended complaints between July 2021 and December 2021. The court rejected all of those motions.

**¶8** In March 2022, the superior court stayed the proceedings pending a ruling by this court on the 54(b) judgments. After this court affirmed the Rule 54(b) judgments, *see David-Rynn v. UHS of Phx., LLC*, 1 CA-CV 21-0605, 2022 WL 4242261 (Ariz. App. Sept. 15, 2022) (mem. decision), *cert. denied sub nom. Rynn v. UHS of Phx., LLC*, 144 S. Ct. 329 (2023),

4

the superior court clarified that the TAC was the operative complaint and noted that Empact, Quail Run, the State Defendants, and Devereux were no longer parties.

**¶9**        In April 2023, the superior court designated the Rynn plaintiffs as vexatious litigants and ordered that they not file any new pleading, motion, or other document without authorization from the court. The court explained that Rynn's "many and voluminous, repetitive and redundant filings [] have unreasonably expanded and delayed court proceedings. They have brought the same causes of action multiple times against the same defendants without substantial justification."

**¶10**        The court subsequently dismissed all claims against all defendants and directed the defendants to submit proposed forms of judgment using Rule 54(b) language. The court issued 54(b) judgments for all defendants, and Rynn timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶11**        As a preliminary matter, Appellees contend Rynn abandoned or waived the issues raised in this appeal by failing to articulate coherent arguments relevant to the issues. We agree.

**¶12**        "This court has a responsibility to see that [litigants] conform to an acceptable, minimal level of competency and performance." *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (citation omitted). Rynn does not meet this standard. Although Rynn's opening brief asserts "fraud," "lies," and "violations of parental rights," it fails to present substantive arguments with supporting reasons or citations to the record or case law. *See* ARCAP 13(a)(7)(A). The deficiencies in Rynn's briefing warrant denying relief. *J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021) (concluding a "lack of proper and meaningful argument alone" warrants denial of relief on appeal); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) (noting that arguments not clearly raised in a party's appellate brief are waived on appeal).

**¶13**        Waiver notwithstanding, Rynn's arguments also fail on the merits based on claim preclusion and on Rynn's failure to support claims with specific facts or arguments warranting relief.

## I.    Claim Preclusion.

**¶14**        Claim preclusion bars Rynn's claims against Empact, the State Defendants, Quail Run, Devereux, and the District.   This court's 2022 decision rejected Rynn's appeal from dismissal of the SAC based on claim preclusion resulting from Rynn's first lawsuit in federal court. *David-Rynn*, 1 CA-CV 21-0605, at *3, ¶ 18.   This court applied claim preclusion because the prior federal litigation "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies."   *Id.* at *2, ¶ 10 (citing *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)).

**¶15**        Rynn's TAC is similarly barred by claim preclusion.   Rynn argues that the previous judgments are not preclusive due to "new evidence discovered in year 2022," asserting that the "new evidence" shows deficiencies in the underlying dependency action in 2017.   But the underlying dependency action was already affirmed on appeal, as were Rynn's federal and state court lawsuits relating to the dependency. *See Richard R.*, 2 CA-JV 2017-0165, at *2, ¶ 7; *Richard R. v. Dep't of Child Safety*, 2 CA-JV 2021-0141, 2022 WL 1087332, at *2, ¶ 6 (Ariz. App. Apr. 12, 2022). Moreover, claim preclusion

> bars relitigation of all grounds of recovery that were asserted, or *could have been asserted*, in a previous action between the parties, where the previous action was resolved on the merits. *It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather the relevant inquiry is whether they could have been brought.*

*Howell v. Hodap*, 221 Ariz. 543, 547, ¶ 20 (quoting *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998)).   Rynn does not proffer a reasoned basis why the alleged new evidence could not have been discovered or asserted in the previous proceedings; thus, Rynn has not overcome claim preclusion.   Accordingly, we affirm the superior court's order dismissing Rynn's claims against Empact, the State Defendants, Quail Run, Devereux, and the District.

## II.    Remaining Defendants.

**¶16**        Rynn also appeals the superior court's dismissals as to Day Starz and Aurora.   Under ARCAP 13, an appellant must articulate how the court erred and provide supporting reasons for the arguments on appeal. ARCAP 13(a)(7)(A).   Here, however, Rynn has not alleged any act by any

of these defendants which, if true, establishes a basis for liability. Nor has Rynn provided any reasoning as to how the court erred by dismissing these defendants. Without specific arguments or facts alleged as to these defendants, Rynn has waived his claims against them. *See J.W.*, 252 Ariz. at 188, ¶ 11. Therefore, we affirm the superior court's order dismissing Rynn's claims against Day Starz and Aurora.

### III.    Attorney's Fees and Costs on Appeal.

¶17        Appellees (other than the State Defendants) argue this appeal is frivolous and ask that we award attorney's fees as a sanction under ARCAP 25. They note that the current appeal "is just the latest example of Rynn's unwillingness to accept judicial rulings" and "has been pursued without substantial justification." Notwithstanding Rynn's history of repetitive litigation, we decline to impose sanctions under ARCAP 25. *See Ariz. Tax Rsch. Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 257–58 (1989) (noting that sanctions under ARCAP 25 are discretionary). However, as the successful parties, Appellees are entitled to their costs on appeal upon compliance with ARCAP 21. *See* A.R.S. §§ 12-341, -342.

### CONCLUSION

¶18        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV