NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

JOHN DANKO, III, *Plaintiff/Appellant*,

*v.*

KENNETH PECK, *Defendant/Appellee*.

No. 1 CA-CV 24-0192
FILED 12-24-2024

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2023-093005
The Honorable Adam D. Driggs, Judge

**AFFIRMED**

———————————————

COUNSEL

By John Danko III, PE, Mesa
*Plaintiff/Appellant*

By Kenneth E. Peck, Mount Pleasant, South Carolina
*Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Angela K. Paton joined.

---

**F O S T E R**, Judge:

¶1          Plaintiff John Danko III appeals the superior court's dismissal of his complaint against South Carolina attorney Kenneth Peck for lack of personal jurisdiction and subject matter jurisdiction. For reasons that follow, this Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2          Danko sued Peck in June 2023 claiming malpractice, breach of contract, bad faith, unfair dealing, fraud, negligence, misrepresentation and harassment.

¶3          Peck moved to quash the attempted service of the summons and complaint and dismiss the action for insufficient service of process. Peck also requested the superior court grant dismissal with prejudice for lack of personal jurisdiction and lack of subject matter jurisdiction. In his affidavit Peck denied owning property in Arizona and transacting business in Arizona. Peck claimed he is a licensed attorney in South Carolina. Peck stated his only connection with Danko involved communication that occurred in South Carolina when Danko resided in South Carolina in 2019.

¶4          On February 9, 2024, the superior court granted Peck's motion to dismiss the case with prejudice for lack of personal jurisdiction and lack of subject matter jurisdiction. Danko prematurely appealed an unsigned ruling that did not include Arizona Rule of Civil Procedure 54(c) ("Rule 54") language or a signature by the superior court and this Court stayed his appeal. On May 20, the superior court issued a signed Minute Entry dismissing the complaint for the same reasons as the February order but did not include the Rule 54 language. A month later, the superior court issued a Minute Entry that satisfied the final judgment ruling requirements. This Court lifted the stay. Danko's appeal is timely.

¶5          Both this Court and the Maricopa County Superior Court have designated Danko as a vexatious litigant. Ariz. Ct. App., Div. 1,

Admin. Ord. No. 2024-10 (Oct. 22, 2024); Maricopa Cnty. Super. Ct. Admin. Ord. No. 2023-0135 (Sept. 6, 2023); *see also Danko v. Dessaules*, 1 CA-CV 23-0017, 2023 WL 5214129, at *3, ¶ 15 (Ariz. App. Aug. 15, 2023) (mem. decision) (upholding superior court's designation). And this court has repeatedly denied Danko's claims in other cases for lack of personal jurisdiction. *See* Ariz. Ct. App., Div. 1, Admin. Ord. No. 2024-10 (Oct. 22, 2024).

¶6 This Court has jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I. Noncompliance with Arizona Rules of Civil Appellate Procedure.

¶7 Arizona Rule of Civil Appellate Procedure 13 ("Rule 13") requires an appellant's opening brief to provide "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." Ariz. R. Civ. App. P. 13(a)(7)(A). Danko's opening brief contains neither references to the record nor citations to legal authority. Although it includes a purported "table of citations" that lists fifteen cases by name, Danko fails to cite any of those cases in the body of his brief. Likewise, the "table of citations" lists various constitutional and statutory provisions that have no relevance to this case. "An appellant who fails to make a 'bona fide and reasonably intelligent effort to comply with the rules' will waive issues and arguments 'not supported by adequate explanation, citations to the record, or authority.'" *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022) (quoting *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013)). Danko's opening brief thus wholly fails to comply with Rule 13. *See Danko v. Reash*, 1 CA-CV 24-0301, 2024 WL 4705801, at *3, ¶ 14–15 (Ariz. App. Nov. 7, 2024) (mem. decision) (this Court held that Danko's behavior within a two-year time span has resulted in "frivolous and groundless" appeals because of his noncompliance with Rule 13).

### II. Request for Oral Argument.

¶8 In his briefing, Danko requested oral argument. This Court denies his request. *See* Ariz. R. Civ. App. P. 18(b) (this Court has discretion to deny a request for oral argument).

### III. Attorneys' Fees, Costs and Sanctions on Appeal.

¶9 Peck requests attorneys' fees, costs, double damages and sanctions against Danko under A.R.S. §§ 12-349 and 44-2083, Arizona Rules

of Civil Procedure 11 and 21 and Arizona Rules of Civil Appellate Procedure 13 and 25. Although Peck states Danko's noncompliance with Rule 13, Peck does not argue Danko's noncompliance with this rule. Therefore, this Court denies Peck's request on that ground. This Court also denies Peck's request of double damages against Danko. *See* A.R.S. § 12-349(A) (double damages award is discretionary).

**¶10** Peck requests attorneys' fees and costs as a sanction on the grounds that Danko "is a serial filer of lawsuits against lawyers and law firms." *See* Ariz. R. Civ. App. P. 25 (this Court has discretion to impose sanction against a party "if it determines that an appeal . . . is frivolous"). Danko's appeal is not grounded in any reasonable legal theory and presents meritless claims. *See Ariz. Tax Rsch. Ass'n v. Dep't of Revenue*, 163 Ariz. 255, 258 (1989) (a frivolous appeal occurs when the "issues raised were not supported by any reasonable legal theory" resulting in the appeal being "totally and completely without merit"); *see also Reash,* 1 CA-CV 24-0301, 2024 WL 4705801, at *4-5, ¶¶ 16-20 (this Court highlights six instances where Danko's claims were dismissed for lack of jurisdiction, eight instances where Danko provided "irrelevant statements and disparaging comments about non-parties in his briefing" and six instances where this Court has "sanctioned Danko for [his] shortcomings").

**¶11** Under § 12-349, Peck is awarded reasonable attorneys' fees in an amount to be determined upon compliance with Arizona Rule of Civil Appellate Procedure 21 because he is the successful party on appeal and Danko's appeal is frivolous. *See* A.R.S. §§ 12-349 and 44-2083.

## CONCLUSION

**¶12** For the reasons above, this Court affirms the superior court's grant of Peck's motion to dismiss.



AMY M. WOOD • Clerk of the Court
FILED:
JR